# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GREAT AMERICAN CHICKEN CORP, INC. d/b/a Kentucky Fried Chicken, a California corporation; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Attorney for Plaintiff CELENA KING, individually and on behalf of all others similarly situated

```
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

          FILED
SUPERIOR COURT OF CALIFORNIA
    COUNTY OF LOS ANGELES

        JAN 1 0 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
      Shaunya Bolden
```

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles-Central District

111 North Hill Street
Los Angeles, California 90012

```
CASE NUMBER:
(Número del Caso):
  BC 6 4 6 3 6 8
```

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew J. Matern, Esq. 1230 Rosecrans Ave, Suite 200 Manhattan Beach, CA 90266, (310) 531-1900

DATE: **JAN 1 0 2017**       SHERRI R. CARTER
*(Fecha)*                    Clerk, by _____, Deputy
                             *(Secretario)*  SHAUNYA BOLDEN  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**REMOVAL EXHIBIT A 001**

1 | **MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)

2 | Launa Adolph (SBN 227743)

3 | Kayvon Sabourian (SBN 310863)
1230 Rosecrans Avenue, Suite 200

4 | Manhattan Beach, CA 90266
Tel: (310) 531-1900

5 | Facsimile: (310) 531-1901

6 |

7 | Attorney for Plaintiff CELENA KING, individually and on behalf of all others similarly situated

8 |

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JAN 1 0 2017**

Sherri R. Carter, Executive Officer/Clerk
By: Shaunya Bolden, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

**B C 6 4 6 3 6 8**

CELENA KING, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

GREAT AMERICAN CHICKEN CORP, INC. d/b/a Kentucky Fried Chicken, a California corporation; and DOES 1 through 50, inclusive.

Defendants.

CASE NO.:

**CLASS ACTION**

**COMPLAINT**

1. Failure to Provide Meal Periods
2. Failure to Authorize and Permit Rest Periods
3. Failure to Pay Minimum Wages
4. Failure to Pay Overtime Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP, PC
230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 002**

1   PLAINTIFF CELENA KING ("PLAINTIFF"), individually and on behalf of all others

2   similarly situated, hereby alleges as follows:

3                                  **INTRODUCTION**

4      1.      PLAINTIFF brings this action on behalf of herself and all other similarly-situated

5   current and former non-exempt employees of defendant GREAT AMERICAN CHICKEN CORP,

6   INC. ("GREAT AMERICAN CHICKEN") and Does 1 through 50 inclusive (collectively,

7   "DEFENDANTS") who worked for DEFENDANTS in the State of California during the relevant

8   statutory period to recover, among other things, unpaid compensation arising from

9   DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor)

10  as required under California law, unpaid minimum and overtime wages, and unreimbursed

11  business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses,

12  and equitable, restitutionary and injunctive relief.

13                          **JURISDICTION AND VENUE**

14     2.      The Superior Court of the State of California has jurisdiction in this matter because

15  PLAINTIFF is a resident of the State of California, and DEFENDANTS are qualified to do

16  business in California and regularly conduct business in California. Furthermore, no federal question

17  is at issue because the claims are based solely on California law.

18     3.      Venue is proper in this judicial district and the County of Los Angeles, California

19  because PLAINTIFF and other persons similarly situated performed work for DEFENDANTS in

20  the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business

21  in the County of Los Angeles, and DEFENDANTS' illegal policies and practices which are the

22  subject of this action were applied, at least in part, to PLAINTIFF and other persons similarly

23  situated in the County of Los Angeles.

24                                 **THE PARTIES**

25     4.      PLAINTIFF is a resident of the State of California and a former employee of

26  DEFENDANTS.

27     5.      PLAINTIFF brings this action on behalf of herself and the following similarly

28  situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

IATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

2                              CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 003**

1  employees of DEFENDANTS in the State of California at any time within the period beginning

2  four (4) years prior to the filing of this action and ending at the time this action settles or

3  proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name

4  additional class representatives.

5      6.      PLAINTIFF is informed and believes, and thereon alleges, that GREAT

6  AMERICAN CHICKEN is, and at all times relevant hereto was, a California corporation

7  organized and existing under the laws of the State of California. PLAINTIFF is further informed

8  and believes, and thereon alleges, that GREAT AMERICAN CHICKEN is authorized to conduct

9  business in the State of California, and does conduct business in the State of California.

10  Specifically, GREAT AMERICAN CHICKEN maintains offices and facilities, conducts

11  business, and engages in illegal practices and policies in the County of Los Angeles, State of

12  California.

13      7.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to

14  PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names.

15  PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a

16  DOE is responsible in some manner for the events and happenings referred to herein, and that

17  PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately

18  caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to

19  amend this Complaint to allege their true names and capacities when ascertained.

20      8.      At all relevant times herein, DEFENDANTS were the joint employers of

21  PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon

22  alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions,

23  affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities,

24  co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or

25  ostensible, of each other. Each defendant was completely dominated by his, her or its co-

26  defendant, and each was the alter ego of the other.

27      9.      At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed

28  by DEFENDANTS under employment agreements that were partly written, partly oral, and partly

ATERN LAW GROUP, PC
0 ROSECRANS AVENUE,
STE 200
ANHATTAN BEACH, CA
90266

3                    CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A 004

implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal and rest periods; failing to pay overtime premiums; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; failing to provide accurate itemized statements for each pay period; failing to maintain required records; and failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures incurred in the discharge of their duties, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

10. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12. This action is appropriately suited for class treatment because:

a. The potential class is a significant number. Joinder of all current and former employees individually would be impracticable.

b. This action involves common questions of law and fact because the action focuses on DEFENDANTS' systematic course of illegal practices and policies which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

IATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

4

CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 005**

c.    PLAINTIFF's claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.    PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS and does not have any conflicts of interest with the CLASS MEMBERS.

## FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 5-2001, § 11]

### (Against all DEFENDANTS)

13.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 12.

14.    During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full, uninterrupted, and timely meal periods as required by California Labor Code § 226.7 and 512 and IWC Wage Order No. 5-2001, § 11.

15.    As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 5-2001, § 11.

16.    DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

17.    As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover

IATERN LAW GROUP, PC
3U ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

5

CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A 006

economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 5-2001, § 12]

### (Against all DEFENDANTS)

18.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 17.

19.     During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12.  As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been, and continue to be, denied the opportunity to take full, uninterrupted and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12.

20.     DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 5-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

21.     As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 5-2001.

///

///

///

MATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6                                    CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 007**

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 5-2001, § 4]

### (Against all DEFENDANTS)

22.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

23.     Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

24.     During the CLASS PERIOD, DEFENDANTS failed to pay, and continue to fail to pay, PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

25.     DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

26.     DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 5-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

///

///

ATERN LAW GROUP, PC
10 ROSECRANS AVENUE,
STE 200
ANHATTAN BEACH, CA
90266

7                    CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A 008

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 5-2001, § 3]

(Against all DEFENDANTS)

27.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 26.

28.     Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

29.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001.   During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 5-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; permitting, requiring, or suffering PLAINTIFF and CLASS MEMBERS to work through meal breaks but not compensating them for this time and failing to include this time in their hours worked; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

IATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

8                          CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 009**

30. DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

31. In violation of California law, DEFENDANTS knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

32. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

33. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 32.

34. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.

35. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

ATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
ANHATTAN BEACH, CA
90266

9                    CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 010**

36.     Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

37.     California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 days.

38.     During the CLASS PERIOD, DEFENDANTS willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

39.     As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

### SIXTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226; IWC Wage Order No. 5-2001, § 7]**

**(Against all DEFENDANTS)**

40.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 39.

41.     During the CLASS PERIOD, DEFENDANTS routinely failed, and continue to fail, to provide PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 5-2001, § 7.

IATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

10                    CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 011**

42.     During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following:  the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

43.     As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

### Failure to Maintain Required Records

### [Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 5-2001, § 7]

### (Against all DEFENDANTS)

44.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 43.

45.     During the CLASS PERIOD, as part of DEFENDANTS' illegal policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226 and 1174 and IWC Wage Order No. 5-2001, § 7, including but not limited to the following records:  total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized wage statements.

ATERN LAW GROUP, PC
10 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11                                CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 012**

46.     As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e) and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 46.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

12        CLASS ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 et. seq.]

### (Against all DEFENDANTS)

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 50.

52.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide meal periods; DEFENDANTS' failure to authorize and permit rest periods; DEFENDANTS' failure to pay minimum and overtime wages; DEFENDANTS' failure to timely pay all wages earned; DEFENDANTS' failure to pay all wages due to discharged and quitting employees; DEFENDANTS' failure to furnish accurate itemized wage statements; DEFENDANTS' failure to maintain required records; and DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

53.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.    DEFENDANTS have avoided providing PLAINTIFF and CLASS MEMBERS minimum and overtime wages, meal break premiums, rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense

ATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
ANHATTAN BEACH, CA
90266

CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A 014

of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all others similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 5-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Order, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory penalties according to proof, including but not limited to all penalties authorized by California Labor Code § 226(e);

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194 and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

IATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
IANHATTAN BEACH, CA
90266

14                         CLASS ACTION COMPLAINT

**REMOVAL EXHIBIT A 015**

9.     For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

10.     For declaratory relief;

11.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth causes of action as a class action;

12.     For an order appointing PLAINTIFF as class representative and PLAINTIFF's counsel as class counsel; and

13.     For such further relief that the Court may deem just and proper.

DATED: January 6, 2017                    Respectfully submitted,

                                          MATERN LAW GROUP, PC

                        By:               _____
                                          MATTHEW J. MATERN
                                          LAUNA ADOLPH
                                          KAYVON SABOURIAN
                                          Attorneys for Plaintiff Celena King, individually
                                          and on behalf of all others similarly situated

ATERN LAW GROUP, PC
10 ROSECRANS AVENUE.
STE 200
ANHATTAN BEACH, CA
90266

15                    CLASS ACTION COMPLAINT

REMOVAL EXHIBIT A 016

<u>**DEMAND FOR JURY TRIAL**</u>

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: _____, 2017

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff Celena King, individually
and on behalf of all others similarly situated

CLASS ACTION COMPLAINT

MATERN LAW GROUP, PC
30 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

**REMOVAL EXHIBIT A 017**