UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04510-GW (ASx) | Date | January 29, 2018 |
|---|---|---|---|
| Title | *King v. Great Am. Chicken Corp., Inc. d/b/a Kentucky Fried Chicken* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER RE: MOTION TO REMAND**

On January 25, 2018, the Court held oral argument on a Motion to Remand filed by plaintiff Celina King ("Plaintiff"). It distributed a tentative ruling before that hearing, and the parties were heard in response to that tentative ruling and in support of and opposition to that motion. This Order Re: Motion to Remand ("Order") sets forth the Court's further thoughts in connection with the motion. The tentative ruling distributed on January 25, 2018, is incorporated herein in full.

Defendant Great American Chicken Corp., Inc. ("Defendant") resisted Plaintiff's efforts to take class discovery in this action, offering instead a stipulation that at least two-thirds of the putative class members had last-known addresses in California. *See* Docket No. 28. Defendant now contends that this evidentiary stipulation (combined with the fact that the putative class covers employees – as many as 6,000 employees – of Kentucky Fried Chicken restaurants in California) is insufficient for Plaintiff to sustain her burden of demonstrating the applicability of two mandatory statutory exceptions to jurisdiction under the Class Action Fairness Act ("CAFA"). Defendant argues that Plaintiff would need to come forward with further evidence of other indicia of California citizenship for two-thirds or more of the putative class members, and – in particular – evidence bearing on citizenship as of the time of removal/removability in this case. Of course, such evidence could have been discovered by Plaintiff had Defendant not resisted her discovery efforts.

As the Court remarked at the hearing on this motion, the Ninth Circuit has advised that "[t]he burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). Yet, by virtue of its evidentiary demands combined with its resistance to discovery, that is exactly the type of difficulty Defendant seeks to impose upon Plaintiff. The Court agrees with the Sixth Circuit's detailed analysis in *Mason v. Lockwood, Andres & Newnam, P.C.*, 842 F.3d 383 (6th Cir. 2016), concerning how a plaintiff's burden

                                                                                                         :

Initials of Preparer    JG

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-CV-04510-GW (ASx) | Date | January 29, 2018 |
|---|---|---|---|
| Title | *King v. Great Am. Chicken Corp., Inc. d/b/a Kentucky Fried Chicken* | | |

should operate in the context of an *exception* to CAFA jurisdiction (as opposed to how burdens operate in demonstrating the existence of subject matter jurisdiction in the first place). It also notes that, in accordance with the requirement set forth in *Mondragon* – and unlike what was before the Court in *Mason* – Plaintiff has presented *evidence* bearing upon the issue of citizenship in this employment litigation. As such, while the Court does not disagree with Defendant that residency does not necessarily equate with citizenship, reliance on pre-CAFA case law (*i.e.* cases not dealing with statutory[1] exceptions to jurisdiction) and/or on cases discounting the utility of mere *allegations* of residency are not persuasive tactics here.

To be clear, the Court acknowledges both that controlling law dictates that residency does not equate to citizenship and that mere allegations of residency are insufficient to establish a basis for subject matter jurisdiction by way of either complete diversity or the minimal diversity acceptable under CAFA. Plaintiff has submitted *evidence* of residency (and in-state employment), which undoubtedly bears upon the question of citizenship, and Defendant has both resisted Plaintiff's efforts to obtain further information in that regard and not come close to demonstrating an evidence-based reason to conclude that fewer than two-thirds of the putative class members were California citizens at the pertinent time. In this setting, the Court believes that Plaintiff has sustained her burden to demonstrate both the "home-state" and "local controversy" mandatory exceptions to CAFA jurisdiction.

As such, for the reasons expressed in this Order and as further elucidated in the tentative ruling issued on January 25, 2018, the Court grants Plaintiff's motion to remand. It also denies Defendant's oral request for a stay of the letter of referral sending this action back to state court. Defendant's pending motion to dismiss is vacated.

---

[1] Defendant has repeatedly argued by way of reference to principles relating to *abstention* from jurisdiction. The Court is not dealing with such judge-made principles here – Congress crafted these mandatory exceptions to CAFA jurisdiction as part of the same statutory effort that created CAFA jurisdiction. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 394-95 (6th Cir. 2016).

| | : |
|---|---|
| Initials of Preparer | JG |