1   **MATERN LAW GROUP, PC**
    MATTHEW J. MATERN (SBN 159798)
2   mmatern@maternlawgroup.com
    LAUNA ADOLPH (SBN 227743)
3   ladolph@maternlawgroup.com
    KAYVON SABOURIAN (SBN 310863)
4   ksabourian@maternlawgroup.com
    1230 Rosecrans Avenue, Suite 200
5   Manhattan Beach, CA 90266
    Tel: (310) 531-1900
6   Facsimile: (310) 531-1901

7   Attorneys for Plaintiff CELENA KING,
    individually and on behalf of others
8   similarly situated

9   Mark D. Kemple (SBN 145219)
    Ashley Farrell Pickett (SBN 271825)
10  **GREENBERG TRAURIG, LLP**
    1840 Century Park East, Suite 1900
11  Los Angeles, California 90067
    Telephone: (310) 586-7700
12  Facsimile: (310) 586-7800
    E-Mail: kemplem@gtlaw.com
13      farrellpicketta@gtlaw.com

14  Attorneys for Defendant Great American
    Chicken Corp., Inc.

15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

| 19  CELENA KING, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-04510-GW(ASx) |
|---|---|
| 20  Plaintiff, | **JOINT NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 21  vs. | |
| 22 | |
| 23  GREAT AMERICAN CHICKEN CORP., INC. d/b/a Kentucky Fried Chicken, a California corporation; and DOES 1 through 50, inclusive, | [Filed concurrently with Declaration of Matthew J. Matern; Declaration of Mark D. Kemple; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement] |
| 24 | |
| 25  Defendants. | |
| 26 | Date:      May 13, 2019 |
| 27 | Time:      8:30 a.m. |
| 28 | Courtroom:   9D |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

1

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

**PLEASE TAKE NOTICE** that on May 13, 2019, at 8:30 a.m., in Courtroom 9D of the United States District Court for the Central District of California, First Street U.S. Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, plaintiff Celena King ("Plaintiff") will and hereby does move this Court for entry of an order:

1.      Granting preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit A to the Declaration of Matthew J. Matern;

2.      Approving the proposed Notice of Class Action Settlement ("Notice") and the plan for distribution of the Notice to Settlement Class Members;

3.      Certifying the proposed Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c);

4.      Appointing Plaintiff as as representative of the Settlement Class for purposes of settlement only;

5.      Appointing Matthew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, to represent the proposed Settlement Class as class counsel;

6.      Appointing Rust Consulting, Inc. as the Settlement Administrator; and

7.      Scheduling a Final Approval Hearing.

This motion is made on the grounds that the proposed settlement is fair, adequate, and reasonable, and the Notice fairly and adequately informs the proposed Settlement Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

///

///

///

///

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-2-

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    This motion is based on this notice, the attached memorandum of points and

2   authorities, the Declaration of Matthew J. Matern and all exhibits thereto, including

3   the Settlement Agreement, all documents and records on file in this matter, and such

4   additional argument, authorities, evidence and other matters as may be presented by

5   the parties hereafter.

6   DATED: April 15, 2019                  Respectfully submitted,

7                                          MATERN LAW GROUP, PC

8

9                                          By:    /s/ Matthew J. Matern

10                                                MATTHEW J. MATERN
                                                  LAUNA ADOLPH
11                                                KAYVON SABOURIAN
                                                  Attorneys for Plaintiff
12
                                           *I, Matthew J. Matern, hereby attest that Ashley*
13                                         *Farrell Pickett has concurred to the content of,*
                                           *and has authorized, this filing.*
14

15   Dated: April 15, 2019                 GREENBERG TRAURIG, LLP

16

17                                         By:   /s/ Ashley Farrell Pickett

18                                               Mark D. Kemple
                                                 Ashley Farrell Pickett
                                                 Attorneys for Defendant Great
19                                               American Chicken Corp., Inc.

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-3-

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

# **<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION - 1 -

II.     FACTUAL AND PROCEDURAL BACKGROUND ........................-3-

    A. The Parties ................................................................ - 3 -

    B. Procedural History ....................................................... - 3 -

    C. Discovery and Investigation ............................................ - 4 -

    D. Settlement Negotiations ................................................ - 5 -

III.    SUMMARY OF SETTLEMENT ...................................- 5 -

    A. The Class .................................................................. - 5 -

    B. Settlement Terms ......................................................... - 5 -

    C. Release .................................................................... - 8 -

    D. Class Notice and Settlement Administration.................... - 8 -

IV.     ARGUMENT ..............................................................- 10 -

    A. The Settlement Meets the Requirements for Preliminary Approval - 10 -

        1.   The Settlement Is the Product of Informed, Arm's Length Negotiations............................................................ - 11 -

        2.   The Settlement Does Not Suffer from Any Obvious Deficiencies.. ..................................................................... - 12 -

        3.   The Settlement Does Not Provide Preferential Treatment to Plaintiff or Any Segment of the Class................................ - 13 -

        4.   The Settlement Falls Within the Range of Possible Approval .............. - 14 -

           i.  Risks of Further Litigation.......................................- 15 -

           ii. Benefit to the Settlement Class Members ................... -17-

    B.   The Court Should Provisionally Certify the Class for Settlement Purposes Only ...............................................  -21 -

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1.  The Proposed Class Is Sufficiently Numerous ......................... - 21 -

2.  Common Questions of Law and Fact Predominate.................. - 22 -

3.   Plaintiff's Claims Are Typical of Those of The Class........... - 23 -

4.   Plaintiff and Her Counsel Will Adequately Represent the

Settlement Class Members ........................................................ - 24 -

5.   A Class Action Is a Superior Method of Adjudication ........... - 24 -

VII.   CONCLUSION .........................................................................- 25 -

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-ii-

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1

# <u>TABLE OF AUTHORITIES</u>

2

## <u>Federal Cases</u>

3

*Alberto v. GMRI, Inc.*,
4     252 F.R.D. 652 (E.D. Cal. 2008) .......................................................................... 2

5

*Alvarado v. Nederend*,
6     2011 WL 90228 (E.D. Cal. Jan. 11, 2011) ......................................................... 10

7

*Amchem Prods, Inc. v. Windsor*,
8     521 U.S. 591 (1997) ...................................................................................... 22, 24

9

*Arrendondo v. Delano Farms Co.*,
10    2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) .................................................... 22

11

*Barbosa v. Cargill Meat Sols. Corp.*,
12    297 F.R.D. 431 (E.D. Cal. 2013) ........................................................................ 19

13

*California v. eBay, Inc.*,
14    2015 WL 5168666 (N.D. Cal. Sept. 3, 2015) ..................................................... 19

15

*Churchill Vill., L.L.C. v. GE*,
16    361 F.3d 566 (9th Cir. 2004) .............................................................................. 20

17

*Deaver v. Compass Bank*,
18    2015 WL 4999953 (N.D. Cal. Aug. 21, 2015) .............................................. 11, 14

19

*Eisen v. Carlisle & Jacquelin*,
20    417 U.S. 156 (1974) ............................................................................................ 21

21

*Ellis v. Costco Wholesale Corp.*,
22    657 F.3d 970 (9th Cir. 2011) .............................................................................. 23

23

*Gabriella v. Wells Fargo Fin., Inc.*,
24    2008 U.S. Dist. LEXIS 63118, *10 (N.D. Cal. 2008) ........................................ 16

25

*Hanlon v. Chrysler Corporation*,
26    150 F.3d 1011 (1998) ............................................................................. 10, 17, 23

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-iii-

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

*Hanon v. Dataprods. Corp.*,
  976 F.2d 497 (9th Cir. 1992) .............................................................................. 23

*Harris v. Vector Mktg. Corp.*,
  2011 WL 1627973 .................................................................................... 11, 14

*Hendricks v. StarKist Co.*,
  2015 WL 4498083 (N.D. Cal. July 23, 2015) ..................................................... 14

*Hopson v. Hanesbrands Inc.*,
  2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ........................................................ 18

*In re Badger Mountain Irr. Dist. Sec. Litig.*,
  143 F.R.D. 693 (W.D. Wash. 1992) .................................................................... 22

*In re Heritage Bond Litig.*,
  546 F.3d 667 (9th Cir. 2009) .............................................................................. 10

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .............................................................................. 24

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................................................ 2

*In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014) ........................................................................ 18

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
  2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ...................................................... 20

*Levya v. Medline Indus, Inc.*,
  716 F.3d 510 (9th Cir. 2013) .............................................................................. 21

*Lundell v. Dell, Inc.*,
  2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) ................................................. 14, 15

*Mendoza v. United States*,
  623 F.2d 1338 (9th Cir. 1980) ............................................................................ 20

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306(1950)...............................................................................................21

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) .............................................................................10

*Oppenlander v. Standard Oil Co. (Ind.)*,
    64 F.R.D. 597 (D.Colo. 1974) ......................................................................15, 19

*Rannis v. Recchia*,
    380 F. App'x 646 (9th Cir. 2010)........................................................................22

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2016) ..............................................................................20

*Satchell v. Fed. Express Corp.*,
    2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).....................................................11

*Smith v. Cardinal Logistics Mgmt. Corp.*,
    2008 WL 4156364 (N.D. Cal. Sept. 5, 2008).....................................................22

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ..............................................................................14

*Valentino v. Carter-Wallace, Inc.*,
    97 F.3d 1227 (9th Cir. 1996) ..............................................................................24

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010)..................................................................passim

*Villegas v. J.P. Morgan Chase & Co.*,
    2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ..............................................11, 18

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (U.S. 2011)......................................................................19, 21, 22

**State Cases**

*Brinker Restaurant Corp. v. Superior Court*,
    53 Cal. 4th 1004 (Apr. 12 2012).........................................................................16

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1

## State Statutes

2

Labor Code section 2802(a)(c) ........................................................................17

3

## Federal Rules

4

Federal Rule of Civil Procedure 23(a) ...............................................................2

5

6

Federal Rule of Civil Procedure 23(a)(1) .........................................................21

7

Federal Rule of Civil Procedure 23(a)(3) .........................................................23

8

9

Federal Rule of Civil Procedure 23(a)(4) .........................................................24

10

Federal Rule of Civil Procedure 23(b)(3) .........................................................21

11

Federal Rule of Civil Procedure 23(c)(2)(B) ....................................................20

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

## I.  INTRODUCTION

Pursuant to Federal Rule of Procedure Rule 23, Plaintiff Celena King ("Plaintiff") and Defendant Great American Chicken Corp., Inc. ("Defendant" or "GACC") (together, the "Parties") respectfully move this Court for an order preliminarily approving a proposed wage-and-hour class action settlement agreement entered into by Plaintiff and GACC. As discussed herein, the proposed Settlement is fair and reasonable and warrants this Court's approval.

The Settlement Agreement provides for a non-reversionary settlement in the gross amount of $1,200,000.00. (*See* Settlement Agreement attached hereto as Exhibit A to the Matthew J. Matern ("Matern Dec.")), at ¶I(II).) Every Participating Class Member[1] will receive a Settlement Award, and none of the funds from the Settlement Proceeds will revert to GACC.[2]

The Settlement was reached after formal and informal discovery and arms'-length, non-collusive bargaining between counsel, including an all-day mediation with experienced wage-and-hour class action mediator, David A. Rotman. The settlement amount represents a substantial recovery for the Class Members based on the claims alleged and the defenses thereto. Furthermore, the Settlement does not suffer any obvious deficiencies or provide preferential treatment to Plaintiff or any segment of the class. In sum, the proposed Settlement is fair, reasonable and adequate and should be preliminarily approved.

Additionally, the proposed notice procedure is appropriate and meets all

---

[1] Participating Class Member means "those Settlement Class Members who have not timely opted-out" of the Settlement. *Id.* ¶ I(S). The Settlement Class is defined as "any and all individuals who were employed at a restaurant operated by Defendant in the State of California as a non-exempt hourly employee at any time" from January 10, 2013 through May 15, 2019. *Id.* ¶¶ I (FF) and (E).

[2] Because GACC is currently engaged in a costly multi-year litigation with some of its former shareholders and directors, the Parties have negotiated that the gross Settlement Amount be paid out over an approximately one-year period. (Matern Decl., at ¶ 27; Kemple Decl., at 8.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

- 1 -

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

requirements as to method and form. The Notice of Class Action Settlement ("Notice") will be mailed to the Class Members by First Class U.S. Mail at their last known addresses, as updated by the Settlement Administrator, in both English and Spanish. The Notice Packet fairly apprises the Class Members of the terms of the proposed Settlement and of their rights and options regarding the proceedings.

Finally, the Parties agree that, for Settlement purposes, and given that the elements of liability need not be proven, the proposed Settlement Class meets the four prerequisites identified in Federal Rule of Civil Procedure 23(a) and additionally fits within one of the three subdivisions of Federal Rule of Civil Procedure 23(b)." *Alberto v. GMRI, Inc*., 252 F.R.D. 652, 659 (E.D. Cal. 2008).

Accordingly, the Settlement satisfies the standard for preliminary approval—it is undoubtedly within the range of possible approval to justify sending notice to class members and scheduling final approval proceedings. *See In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Thus, the Parties respectfully request that this Court issue an order in the form lodged herewith: (1) preliminarily approving the proposed class-wide settlement of this class action, (2) certifying the proposed Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c)(3) approving the form and method for providing class-wide notice (Exhibit 1 to the Proposed Order), (4) appointing Matern Law Group, P.C. as settlement class counsel, and Celena King as settlement class representative, and (5) setting a hearing to determine whether final approval of the settlement should be granted, the settlement class should be certified, class counsel should be appointed, and consider Plaintiff's application for attorneys' fees and expenses[3]

---

[3] If this Settlement Agreement is not finally approved by the Court or GACC elects to withdraw from the Settlement under any of the terms in Section II(I)(1)-(2) of the Settlement Agreement, certification of any Settlement Class withdrawn from the settlement will be vacated without prejudice to the Parties' respective positions on the issues of class certification. [*Id*. ¶ II(D)(2).] Section II(I)(1)-(2) of the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

ACTIVE 42947788v1ACTIVE 42977563v1

-- 2 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

GACC operated approximately 72 Kentucky Fried Chicken restaurants in California during the Class Period. (Matern Decl., ¶ 3, Dkt. 65-1.) Plaintiff was employed as an non-exempt hourly employee at GACC's Kentucky Fried Chicken restaurant in Lancaster, California from June 10, 2015 to May 2016. *Id*. at ¶ 4.

### B.    Procedural History

On January 10, 2017, Plaintiff filed this putative class action against Defendant in Los Angeles Superior Court, alleging causes of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (9) unfair and unlawful business practices. (Complaint, Dkt. 1-1.) On February 21, 2017, Plaintiff filed her First Amended Complaint which added a claim for Penalties under the Labor Code Private Attorneys General Act ("PAGA"). (Pl.'s First Amended Complaint, Dkt. 1-2.) On June 19, 2017, Defendant removed this case to this Court under the Class Action Fairness Act. (Notice of Removal, Dkt. 1.)

On August 18, 2017, Plaintiff filed her Second Amended Complaint. On November 9, 2017, Plaintiff filed her Third Amended Complaint ("TAC"), which GACC moved to dismiss without leave to amend. On December 28, 2017, Plaintiff filed her Motion to Remand, which the Court granted on January 29, 2018. On

Settlement Agreement provides that (1) if more than five percent (5%) the Settlement Class validly and timely request exclusion from the Action and/or settlement, GACC shall have the option, in its sole discretion, to withdraw from the Settlement Agreement and (2) if the Court disapproves of or refuses to enforce any material portion of this Agreement, each Party shall also have the option, in its sole discretion, to withdraw from the Settlement Agreement. [*Id.,* at ¶ II(I)(1)-(2).]

September 6, 2018, the United States Court of Appeals for the Ninth Circuit reversed the Court's order granting Plaintiff's Motion to Remand. GACC's Motion to Dismiss Plaintiff's TAC without leave to amend is still pending.

### C.     Discovery and Investigation

Prior to filing the Complaint, Plaintiff's counsel conducted an extensive investigation including interviewing Plaintiff, reviewing documents provided by Plaintiff, Defendant and other publicly-available documents, and conducting research regarding applicable California Labor Code sections and the Industrial Welfare Commission Wage Order. (Matern Decl., ¶ 10, Dkt. 65-1.)

The Parties also engaged in significant discovery after the Complaint was filed. Plaintiff propounded written discovery, including interrogatories, requests for admission, and requests for production of documents. *Id.* at ¶ 11. Following receipt of Defendant's responses, the Parties engaged in extensive meet and confer efforts and submitted a Joint Report Regarding Jurisdictional Discovery. *Id.* at ¶ 12, Dkt. 28. On November 30, 3017, the Court held a discovery hearing, in which Defendant stipulated to the last known addresses of putative class members. (Dkt. 30.) Defendant also propounded, and Plaintiff responded to, interrogatories and requests for production of documents. *Id.* at ¶ 13.

Prior to mediation, Defendant produced thousands of documents to Plaintiff, including but not limited to: all relevant wage and hour policy documents, a sampling of the identity of putative class members and their contact information, and a statistically significant sampling of the timekeeping and payroll records. *Id.* at ¶ 14. Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records, which assisted Plaintiff's counsel in preparing a damages model prior to mediation. *Id.* Plaintiff also sent postcards to putative class members inviting them to provide information to Plaintiff's counsel regarding their work experiences. *Id.*

\\\

### D.    Settlement Negotiations

On December 4, 2018, the Parties participated in a private in-person mediation session with experienced mediator David A. Rotman, Esq. *Id*. at ¶ 16. The mediation session lasted all day and into the early evening, but the Parties were unable to reach a resolution. *Id*. Following the mediation, Mr. Rotman issued a mediator's proposal which set forth the material terms of a proposed settlement which would fully resolve this matter. *Id*. at ¶ 17. Each Party accepted the mediator's proposal on December 19, 2018, subject to entering into a more comprehensive written settlement agreement. *Id*. at ¶ 18.

The Settlement offers significant advantages over the continued prosecution of this case: Plaintiff and the Settlement Class will receive significant financial compensation and will avoid the risks inherent in the continued prosecution of this case in which GACC would assert various defenses to its liability. The Parties have spent considerable time negotiating and drafting the Settlement Agreement, which ensures that all members of the Settlement Class are provided with notice of the Settlement Agreement and its terms. The Settlement Agreement was negotiated and was fully executed on April 15, 2019. (Matern Decl., Ex. A, Dkt. 65-2.)

### III.    SUMMARY OF SETTLEMENT

#### A.    The Class

The proposed class consists of all persons employed at a restaurant operated by GACC in California as a non-exempt hourly employee at any time from January 10, 2013 through May 15, 2019. (Matern Decl., Ex. A at ¶¶ I(E), I(FF)., Dkt. 65-2.) There are approximately 7,116 Class Members. (*Id*., ¶5, Dkt. 65-1.)

#### B.    Settlement Terms

Under the proposed Settlement, the claims of all Class Members shall be settled for the gross amount of One Million, Two Hundred Thousand Dollars ($1,200,000.00) which shall be inclusive of all Settlement Payments to Participating Class Members, Class Counsel Attorneys' Fees and Litigation Costs, the Incentive

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 5 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1   Award, Settlement Administration Costs, PAGA payment to the LWDA, and the

2   Employer's Share of Payroll Taxes. (Matern Decl., Ex. A at ¶ I.II, Dkt. 65-2.) No

3   portion of the Maximum Settlement Amount shall revert to Defendant or result in an

4   unpaid residue. (*Id.*, at ¶ II.A.1., Dkt. 65-2.)

5       The Settlement Proceeds shall be paid in three separate installments, with Six

6   Hundred and Eighteen Thousand Dollars ($618,000.00) paid in the First Installment

7   Payment, Two Hundred Eighty-Two Thousand Dollars ($282,000.00) paid in the

8   Second Installment Payment one hundred and eighty (180) days thereafter, and

9   Three Hundred Thousand Dollars ($300,000.00) paid in the final Third Installment

10  Payment no later than three hundred and sixty (360) days after the date of the First

11  Installment Payment. (Matern Decl., Ex. A at ¶ II.A.2., Dkt. 65-2.)

12      The Settlement Proceeds shall be allocated as follows:

13      1.    <u>Individual Settlement Payments</u>. All Class Members shall be eligible

14  to receive a share of the Net Settlement Amount, which equals the Settlement

15  Proceeds, less Class Counsel Attorneys' Fees and Litigation Costs, the Incentive

16  Award, Settlement Administration Costs, the PAGA payment to the LWDA, and the

17  Employer's Share of Payroll Taxes. (Matern Decl., Ex. A at ¶ I.O., Dkt. 65-2.) The

18  Net Settlement Amount shall be distributed to the Participating Class Members on a

19  pro rata basis according to the total number of Pay Periods worked by each

20  Participating Class Member during the Class Period.[4] (Matern Decl., Ex. A at ¶

21  II.C., Dkt. 65-2.)[5]

22  _____

23  [4] To account for waiting time penalties, each Participating Class Member who is

24  a former employee of Defendant as of the Preliminary Approval Date shall be
    allocated an additional three (3) Pay Periods share of the Net Settlement Amount.

25  (Matern Decl., Ex. A at ¶ II(C)(3).)

26  [5] Individual Settlement Payment checks will remain negotiable for 180 days
    from the date of issuance. (Matern Decl., Ex. A at ¶ II.L.3.) If an Individual

27  Settlement Payment check remains uncashed after 180 days from issuance, the

28  Settlement Administrator shall pay over the amount represented by the check to the
    State Controller's Office Unclaimed Property Fund, with the identity of the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266                    *ACTIVE 42947788v1ACTIVE 42977563v1*

                         -- 6 --            JOINT MOT. FOR PRELIMINARY APPROVAL OF
                                                      CLASS ACTION SETTLEMENT

2.      <u>Incentive Award</u>. Subject to Court approval, Plaintiff shall be paid an Incentive Award not to exceed Five Thousand Dollars ($5,000.00) for her time, effort and risk in bringing and presenting the Action and serving as the class representative. (Matern Decl., Ex. A at ¶¶ II.A.I, II.K.11.d., Dkt. 65-2.)

3.      <u>Class Counsel Award</u>. Subject to Court approval, Plaintiff's Counsel shall receive an award of attorneys' fees in an amount not to exceed Four Hundred Thousand Dollars ($400,000.00), which equals one-third (1/3) of the gross Settlement Proceeds, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Thousand Dollars ($30,000.00). (Matern Decl., Ex. A at ¶ II.A.1., Dkt. 65-2.)

4.      <u>Payment to the LWDA</u>. Subject to Court approval, Twenty-Four Thousand Dollars ($24,000.00) from the gross Settlement Proceeds will be allocated as penalties under PAGA, of which seventy-five percent (75%), or Eighteen Thousand Dollars ($18,000.00) will be paid to the LWDA. (Settlement Agreement, Matern Decl., Ex. A at ¶ II.A.1., Dkt. 65-2.) The remaining twenty-five percent (25%) of the amount allocated toward PAGA penalties (i.e., $6,000.00) shall be part of the Net Settlement Amount and will be distributed to Participating Class Members as part of their Individual Settlement Payments. Settlement Agreement, Matern Decl., Ex. A at ¶¶ I.O. and II.A.2, Dkt. 65-2.)

5.      <u>Settlement Administration Costs</u>. Subject to Court approval, the Settlement Administration Costs which are estimated not to exceed Fifty Thousand Dollars ($50,000.00) shall be paid from the gross Settlement Proceeds. (Settlement Agreement, Matern Decl., Ex. A at ¶¶ I.BB., II.A.1., Dkt. 65-2.)

6.      <u>Employer's Share of Payroll Taxes</u>. The Employer's Share of Payroll Taxes shall be paid from the Settlement Proceeds. (Settlement Agreement, Matern Decl., Ex. A at ¶ I.II, Dkt. 65-2.)

Participating Class Member to whom the funds belong. *Id*.

C. **Release**

Upon the Effective Date, Plaintiff and all other Participating Class Members shall be deemed to have released the Released Parties from any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or hidden, which arose at any time on or before the Preliminary Approval Date based on the facts or claims asserted by Plaintiff Celena King in any pleading in the Action on her own behalf or on behalf of a putative class member, or based on any facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures that relate to or arise out of, in any way, the claims made and facts alleged in the Action, including without limitation violations of any state or federal statutes rules, or regulations (including the Fair Labor Standards Act), based on an assertion that Released Parties (1) failed to provide meal or rest breaks and/or pay meal or rest break premiums; (2) failed to pay overtime due under California law; (3) failed to pay any wages due; (4) failed to provide accurate wage statements; (5) failed to maintain records; (6) failed to reimburse business expenses; (7) failed to pay all wages due at termination; (8) violated the California Labor Code Private Attorneys General Act; and/or (9) engaged in any unfair and unlawful business practices. (Settlement Agreement, Matern Decl., Ex. A at ¶¶ I.W., IV.A., Dkt. 65-2.)

"Released Parties" means Defendant together with its past and present parents, subsidiaries, divisions, partners and affiliates, and their respective past and present stockholders, officers, directors, employees, managers, attorneys and insurers, as well as any other persons or entities who are alleged to have been involved in the conduct alleged, or sought to be alleged, at any time in the Action. (Settlement Agreement, Matern Decl., Ex. A at ¶ I.X., Dkt. 65-2.)

D. **Class Notice and Settlement Administration**

Within seven (7) business days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with each Class Member's full

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*    -- 8 --    JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

name; last known address; Social Security or other identifying number; and Pay Periods ("Class Information") for purposes of mailing the Notice to Class Members. (Settlement Agreement, Matern Decl., Ex. A at ¶¶ I.D., II.B.2., Dkt. 65-2.) Upon receipt of the Class Information, the Settlement Administrator will perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes. (Settlement Agreement, Matern Decl., Ex. A at ¶ II.E.1., Dkt. 65-2.) Within ten (10) business days after receiving the Class Information from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice of Class Action Settlement, in both English and Spanish (the "Notice"), to all Class Members via regular First-Class U.S. Mail. *Id*. The Notice will provide Class Members with an estimate of their Individual Settlement Payment based on their Pay Periods as set forth in GACC's records. (Settlement Agreement, Matern Decl., Ex. A at Ex. 1, Dkt. 65-2.) Class Members will have the opportunity, should they disagree with the number of Pay Periods stated on the Notice, to provide documentation and/or an explanation to show contrary information. *Id*.

Class Members who wish to exclude themselves from the Settlement must submit a Request for Exclusion to the Settlement Administrator within forty-five (45) days after the Settlement Administrator mails the Notice to Class Members ("Response Deadline"). (Settlement Agreement, Matern Decl., Ex. A at ¶ I.AA., Dkt. 65-2.) To be valid, the Request for Exclusion must: (1) contain the name, address, and telephone number of the person requesting exclusion; (2) be signed by the Settlement Class Member; and (3) be postmarked by the Response Deadline and delivered to the Settlement Administrator at the specified address. (Settlement Agreement, Matern Decl., Ex. A at ¶ II.G.1., Dkt. 65-2.)

Class Members who wish to object to the Settlement must submit to the Settlement Administrator a Notice of Objection by the Response Deadline. (Settlement Agreement, Matern Decl., Ex. A at ¶ II.G.2., Dkt. 65-2.) To be valid, the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 9 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1   Notice of Objection must: (1) state with particularity the basis therefor; (2) state the
2   full name, address, and telephone number of the person objecting; (3) be signed by
3   the Settlement Class Member; and (4) be postmarked by the Response Deadline and
4   delivered to the Settlement Administrator at the specified address. *Id.*

5   **IV.    ARGUMENT**

6   **A. The Settlement Meets the Requirements for Preliminary Approval**

7           Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or
8   defenses of a certified class may be settled, voluntarily dismissed, or compromised
9   only with the court's approval." Fed. R. Civ. Proc. § 23(e). Before a court approves
10  a settlement, it must conclude that the settlement is "fundamentally fair, adequate
11  and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2009).
12  Generally, the district court's review of a class action settlement is "extremely
13  limited." *Hanlon*, 150 F.3d at 1026. The court considers the settlement as a whole,
14  rather than its components, and lacks authority to "delete, modify or substitute
15  certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San*
16  *Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).

17          At the preliminary approval stage, a court may grant preliminary approval of
18  a settlement and direct notice if the settlement: (1) appears to be the product of
19  serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3)
20  does not improperly grant preferential treatment to the class representative or
21  segments of the class; and (4) falls within the range of possible approval. *See*
22  *Alvarado v. Nederend*, 2011 WL 90228, *5 (E.D. Cal. Jan. 11, 2011); Joseph M.
23  McLaughlin, *McLaughlin on Class Actions: Law and Practice* § 6.6 (7th ed. 2011)
24  ("Preliminary approval is an initial evaluation by the court of the fairness of the
25  proposed settlement, including a determination that there are no obvious deficiencies
26  such as indications of a collusive negotiation, unduly preferential treatment of class
27  representatives or segments of the class, or excessive compensation of attorneys . . .
28  "). The Parties agree that, for Settlement purposes only, and given that the elements

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 10 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  of liability need not be proven, the proposed Settlement Class meets each of these

2  factors.

### 1.    The Settlement Is the Product of Informed, Arm's Length Negotiations

5       As referenced *supra,* an initial presumption of fairness exists where "the

6  settlement is recommended by class counsel after arm's-length bargaining." *Harris*,

7  2011 WL 1627973, at *8 (citation omitted). Indeed, the use of an experienced mediator

8  support a finding that settlement negotiations were both informed and non-collusive.

9  *See Villegas v. J.P. Morgan Chase & Co.,* 2012 WL 5878390, *6 (N.D. Cal. Nov. 21,

10  2012); *Deaver v. Compass Bank,* 2015 WL 4999953, *7 (N.D. Cal. Aug. 21, 2015)

11  (accord); *Satchell v. Fed. Express Corp.,* 2007 WL 1114010, *4 (N.D. Cal. Apr. 13,

12  2007) ("The assistance of an experienced mediator in the settlement process confirms

13  that the settlement is non-collusive").

14   Here, the Settlement was reached after extensive arms-length negotiations.  On

15  March 15, 2019, the Parties participated in a full-day in-person mediation session

16  with David A. Rotman, Esq., a well-respected mediator experienced in handling

17  complex wage-and-hour matters. (Matern Decl., ¶ 16, Dkt. 65-1.) After the Parties

18  were unable to reach a resolution at the mediation, Mr. Rotman made a mediator's

19  proposal which set forth the material terms of a proposed settlement which would

20  fully resolve this matter. *Id*. ¶ 17. The Parties accepted the mediator's proposal on

21  December 19, 2018. *Id*. at ¶ 18.

22       These circumstances are the antithesis of collusion and show that the

23  settlement negotiations were at arm's length and, although conducted in a

24  professional manner, were adversarial. *Id*. at ¶ 20. The Parties went into the

25  mediation session willing to explore the potential for a settlement of the dispute, but

26  were prepared to litigate their positions through trial and appeal if a settlement had

27  not been reached. *Id*.

28  Here, "[b]y the time the settlement was reached, the litigation had proceeded to a

1    point in which both plaintiffs and defendants had a clear view of the strengths and

2    weaknesses of their cases." *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482,

3    489 (E.D. Cal. 2010) (internal citations omitted). Plaintiff and her counsel were able

4    to make an informed decision regarding settlement, as Plaintiff conducted

5    significant formal and informal discovery and investigation prior to the mediation.

6    Before filing the Complaint, Plaintiff conducted an extensive investigation including

7    interviewing Plaintiff, reviewing documents provided by Plaintiff and Defendant

8    and other publicly-available documents, and conducting research regarding

9    applicable California Labor Code Sections and Industrial Welfare Commission

10   Wage Orders. *Id.* at ¶ 9. After the Complaint was filed, the Parties propounded and

11   responded to written discovery, including interrogatories, requests for admission,

12   and requests for production of documents. *Id.* at ¶ 10. Prior to mediation, Defendant

13   produced thousands of documents, including but not limited to: all relevant wage

14   and hour policy documents, a sampling of class members' names and contact

15   information, and a sampling of the timekeeping and payroll records. *Id.* at ¶ 13.

16   Plaintiff retained a statistical analyst to analyze the sampling of Class Members'

17   timekeeping and payroll records which assisted Plaintiff's counsel in preparing a

18   damages model prior to mediation. *Id.* Plaintiff also sent postcards to putative class

19   members inviting them to provide information to Plaintiff's counsel regarding their

20   work experiences. *Id.* Based on the information and record developed through

21   extensive investigation and discovery, Plaintiff's counsel was able to act

22   intelligently and effectively in negotiating the proposed Settlement. (*Id.* at ¶ 14.)

23     The Parties had ample information, expert guidance from an experienced mediator,

24   and intimate familiarity with the strengths and weaknesses of their respective cases.

25   As such, there can be no doubt that the Class Settlement is the result of exhaustive

26   arm's-length discussions.

27          **2.      The Settlement Does Not Suffer from Any Obvious**

28                    **Deficiencies**

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 12 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

The second factor the Court considers is whether there are obvious deficiencies in the settlement. Under the terms of the Settlement, GACC will pay $1,200,000.00 to resolve this Action. This is a substantial recovery for the Class Members, which takes into consideration the significant risks of proceeding with the litigation, including: (i) successfully opposing GACC's pending Motion to Dismiss with prejudice Plaintiff's meal break, rest break, overtime, minimum wage and derivative waiting time and inaccurate wage statement claims, (ii) obtaining and maintaining class certification, (iii) the burdens of proof necessary to establish liability, the class certification and merits defenses raised by Defendant, (iv) the difficulties in establishing damages, (v) the likelihood of success a trial, (vi) the probability of appeal in the event of a favorable judgment for Plaintiff, and (vii) the probability that Defendant will be unable to pay a large judgment. (Matern Decl., ¶¶ 21-29, Dkt. 65-1.) Further, Settlement Class Members will release only wage and hour claims that were or could have been asserted in this Action. [Ex. A to Matern Decl., at ¶ I(W).]

Additionally, the timeframe for notice is adequate, as Settlement Class Members will be given forty-five (45) days to opt-out or object to the Settlement, and, if final approval is granted, one hundred and eighty (180) days to negotiate (cash or deposit) their Settlement Checks. [*Id.*, ¶¶ I(AA); II(L)(3).] Likewise, the distribution will compensate Settlement Class Members fairly, as discussed above. No unclaimed funds will revert to GACC; rather they will be paid to the California State Controller's Office Unclaimed Property Fund will remain the Participating Class Member's property. [*Id.* ¶ II(L)(3).]

### 3.    The Settlement Does Not Provide Preferential Treatment to Plaintiff or Any Segment of the Class

Under the third factor, the Court examines whether the proposed settlement provides preferential treatment to any class member. Here, the proposed Settlement poses no risk of unequal treatment of any Class Member, as each Participating Class

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 13 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  Member's Individual Settlement Payment will be calculated on a pro rata basis,
2  based upon his or her Pay Periods. (Matern Decl., Ex. A at ¶ II.C., Dkt. 65-2.)
3  Further, each Participating Class Member who is a former employee of Defendant as
4  of the Preliminary Approval Date shall be allocated an additional three (3) Pay
5  Periods share of the Net Settlement Amount to account for waiting time penalties.
6  (Settlement Agreement, Matern Decl., Ex. A at ¶ II(C)(3).) "[T]o the extent feasible,
7  the plan should provide class members who suffered greater harm and who have
8  stronger claims a larger share of the distributable settlement amount*." Hendricks v.*
9  *StarKist Co.,* 2015 WL 4498083, *7 (N.D. Cal. July 23, 2015)

10        Subject to Court approval, the Settlement provides for an Incentive
11  Award to Plaintiff in an amount not to exceed $5,000.00. (Settlement Agreement,
12  Matern Decl., Ex. A at ¶ A.L., Dkt. 65-2.) Plaintiff contends this modest payment is
13  for the substantial risk assumed by and the services undertaken by Plaintiff on behalf
14  of the Class Members. The Ninth Circuit has recognized that service awards to
15  named plaintiffs in class actions are permissible. *See Staton v. Boeing Co.*, 327 F.3d
16  938, 977 (9th Cir. 2003). Furthermore, the Court will ultimately determine whether
17  Plaintiff is entitled to the requested service award at the Final Approval Hearing,
18  after Plaintiff submits a declaration outlining the efforts expended and risks taken on
19  behalf of the Class Members. *See Harris v. Vector Mktg. Corp.*, No. C-08-5198
20  EMC, 2011 WL 1627973, *9 (N.D. Cal. Apr. 29, 2011). Thus, the absence of any
21  preferential treatment supports preliminary approval.

22  **4.  The Settlement Falls Within the Range of Possible Approval**

23        Finally, the Court must consider whether the settlement falls within the range
24  of possible approval. "To evaluate the range of possible approval criterion, which
25  focuses on substantive fairness and adequacy, courts primarily consider plaintiff's
26  expected recovery balanced against the value of the settlement offer." *Deaver v.*
27  *Compass Bank,* 2015 WL 4999953, *9 (N.D. Cal. Aug. 21, 2015). A careful
28  risk/benefit analysis must inform Counsel's valuation of a class's claims. *Lundell v.*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 14 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  *Dell, Inc.,* 2006 WL 3507938, *3 (N.D. Cal. Dec. 5, 2006).

2                    i.        Risks of Further Litigation

3        A "relevant factor" that courts must consider in contemplating a potential

4  settlement is "the risk of continued litigation balanced against the certainty and

5  immediacy of recovery from the Settlement." *Vasquez v. Coast Valley Roofing, Inc.,*

6  266 F.R.D. 482, 489 (E.D. Cal. 2010). Thus, courts "consider the vagaries of

7  litigation and compare the significance of immediate recovery by way of the

8  compromise to the mere possibility of relief in the future, after protracted and

9  expensive litigation." *Id*. (citing *Oppenlander v. Standard Oil Co. (Ind.),* 64 F.R.D.

10  597, 624 (D.Colo. 1974)).

11        Here, there are several major and substantial risks that counsel had to

12  consider. Indeed, even assuming GACC's pending Motion to Dismiss Plaintiff's

13  meal break, rest break, overtime, minimum wage and derivative waiting time and

14  inaccurate wage statement claims with prejudice were not granted, Plaintiff would

15  still risk losing both class and individual claims on the merits at trial. Absent a

16  settlement, GACC would assert the following defenses, among others:

17        •        GACC argues that highly individualized questions (including

18  questions of credibility) would have to be resolved to establish each Class Members'

19  claim. For example, each employee received and acknowledged GACC's wage and

20  hour related policies contained in GACC's Employee Handbook, which GACC

21  claims are indisputably compliant with California law and thus create no "common

22  evidence" and foundation on which to build a case for class certification – let alone

23  for divergent positions, locations, managers and employees, etc. Further, GACC

24  obtained 34 declarations from class Members, which purportedly show that they did

25  not experience "common" violations. Rather, the declarations state that putative

26  class members have received compensation for any overtime to which they are

27  entitled, have consistently been authorized to take their meal and rest periods, have

28  never been instructed or permitted to work off the clock, and have been properly

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 15 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    paid for the time they worked. (Kemple Decl. at ¶4.) GACC argues that no contrary

2    common practice or policy existed – and that declarants obviously knew of no such

3    contrary policy. GACC argues that contrary evidence to establish liability would

4    require individualized testimony, and would subject the individuals to profound

5    attacks on individual's credibility – none of which could be resolved on a class-wide

6    basis.

7          •      Moreover, GACC argues that the question of whether a meal and/or

8    rest break was not "provided" to a particular employee, on a particular day, by a

9    particular manager, and whether that employee took it, waived it, or was coerced not

10   to take it on that day, is a highly *individualized* inquiry, not amenable to class

11   treatment. *See e.g., Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004,

12   1040 (Apr. 12 2012); *Gabriella v. Wells Fargo Fin., Inc.*, 2008 U.S. Dist. LEXIS

13   63118, *10 (N.D. Cal. 2008) (individual issues predominated because in the absence

14   of unlawful class-wide policies, "defendants' liability turn[ed] on whether meal and

15   rest periods were made available and the reasons why breaks were missed."). GACC

16   argues that why a meal or rest break is not recorded by an employee is an

17   individualized inquiry, and that there is no way to answer that be simply looking at

18   time entries, as is evidenced here, where the time records demonstrate that

19   employees routinely clocked out for their full 30-minute meal break. As for rest

20   breaks (which are not clocked out), there is not even an argument that time records

21   create some "common proof," which – even if they were – would be subject to all

22   the same individualized questions of liability.

23         •      Similarly, GACC argues that there is no common proof for Plaintiff's

24   claim that she was required to work off-the-clock ("OTC") and that some of that

25   OTC work, if properly accounted for, would have resulted in work to be

26   compensated at overtime rates. In fact, GACC argues, time records do not provide

27   common proof because, by definition, they do not show such time. GACC argues

28   that one would have to examine, and cross-examine for credibility, each individual's

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 16 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    separate claims of supposed off-the-clock work. Further, GACC argues, each

2    putative class member would need to overcome this credibility hurdle in the face of

3    his/her own time records, which show no OTC work and further would have to

4    prove that his/her individual manager knowingly suffered or permitted the work. It

5    argues that each of these inquiries is fact intensive and individualized, and thus not

6    certifiable.

7        •    GACC argues that Plaintiff's unreimbursed business expense claim

8    also is not amenable to class wide resolution, but is highly individualized and each

9    putative Class Member would have to show that (1) the purchase was a "direct

10   consequence of the discharge of … [the employee's] duties, or of his or her

11   obedience to the directions of the employer," (2) that such purchase was

12   "necessary," and that (3) the costs incurred were "reasonable" under the

13   circumstances, per Labor Code section 2802(a)(c). GACC also argues that Plaintiff's

14   claim that she was entitled to reimbursement for black pants fails as a matter of law

15   as an employer need not reimburse for a uniform that is generally usable in the

16   employee's occupation, as set forth in DLSE Opinion Letter 1991.02.13. And

17   GACC argues that if required to purchase anything for work purposes, GACC's

18   policy is to reimburse non-exempt employees for such. It thus argues, these claims

19   cannot be certified, and are meritless in any event.

20       Where, as here, the parties face significant uncertainty, the attendant risks

21   favor settlement. *Hanlon*, 150 F.3d at 1026. Though Plaintiff is confident in the

22   merits of the case, Plaintiff recognizes that a legitimate controversy exists as to each

23   cause of action. Given the above, there was significant risk that, if the Action was

24   not settled, the Court may deny certification of all or some of Plaintiff's claims.

25   While Class Counsel believed that class certification could nevertheless be obtained,

26   it recognized that the certification issue would pose a litigation risk.

27       ii.    Benefit to the Settlement Class Members

28       The    Settlement    Agreement    provides    significant    compensation    to    the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 17 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

Settlement Class. Indeed, according to Plaintiff's calculations[6] the Settlement Proceeds reflect over 10% of the *maximum* potential damages, exclusive of penalties and interest, allegedly owed to Settlement Class Members. (Matern Decl., ¶ 22, Dkt. 65-1.)[7] Defendant contests liability, as well as the propriety of certification, and is prepared to vigorously oppose certification and to defend against Plaintiff's claims if the action does not settle. *Id.* at ¶ 23. Given the maximum potential damages, as well as the substantial risks entailed by this case, the $1,200,000 non-reversionary settlement sum is within the range of possible approval. *Id.* at ¶ 24.

"[I]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Villegas*, 2012 WL 5878390, *6 (approving gross settlement of "approximately fifteen percent (15%) of the potential recovery against defendants").[8] Moreover, courts have recognized the value of obtaining relatively prompt settlements and the benefits to class members of receiving payments sooner rather than later, where litigation could extend for years on end, thus significantly delaying any payments to class members. "A court may consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere

---

[6] Defendant contests Plaintiff's maximum potential damages figure and contends the maximum amount of potential damages (assuming certification and liability on the merits) are in fact much lower, and thus Settlement Class Members are indeed obtaining a much larger percentage of maximum potential damages recovery.

[7] A detailed explanation of Plaintiff's valuation is set forth in Paragraph 22 of the Matern Declaration.

[8] Other courts have approved settlements accounting for low percentages of the total possible recovery. *See, e.g., Hopson v. Hanesbrands Inc.,* 2009 WL 928133, *8 (N.D. Cal. Apr. 3, 2009) ("The settlement … represents less than two percent of that amount," but "may be justifiable … given … significant defenses that increase the risks of litigation."); *In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 453–54 (C.D. Cal. 2014) (granting final approval of a settlement providing for payment reflecting 3% of possible recovery ($391.5 million settlement with exposure up to $13.05 billion)).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 18 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    possibility of relief in the future, after protracted and expensive litigation." *Vasquez*

2    *v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 489 (E.D. Cal. 2010) (internal citation

3    omitted); *see also Barbosa v. Cargill Meat Sols. Corp.,* 297 F.R.D. 431, 446 (E.D.

4    Cal. 2013) (noting that "there were significant risks in continued litigation and no

5    guarantee of recovery" whereas "[t]he settlement [] provides Class Members with

6    another significant benefit that they would not receive if the case proceeded—

7    certain and prompt relief"); *California v. eBay, Inc.,* 2015 WL 5168666, *4 (N.D.

8    Cal. Sept. 3, 2015) ("Since a negotiated resolution provides for a certain recovery in

9    the face of uncertainty in litigation, this factor weighs in favor of settlement");

10    *Oppenlander,* 64 F.R.D. at 624 ("It has been held proper to take the bird in hand

11    instead of a prospective flock in the bush.").

12          The Settlement obviates the significant risk that this Court may deny

13    certification of all or some of Plaintiff's claims, particularly in light of certification

14    standards under Federal Rule of Civil Procedure, Rule 23, as articulated by the

15    United States Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541

16    (U.S. 2011). Further, even if Plaintiff obtained certification of some or all of the

17    claims, continued litigation would be expensive, involving a trial and possible

18    appeals, and would substantially delay and reduce any recovery by the Class

19    Members. (Matern Decl., ¶ 25, Dkt. 65-1.) While Plaintiff is confident in the merits

20    of her claims, a legitimate controversy exists as to each cause of action. *Id*. at ¶ 26.

21    In addition, Plaintiff recognizes that proving the amount of wages due to each Class

22    Member would be an expensive, time-consuming, and uncertain proposition. *Id*. In

23    contrast, because of the proposed Settlement, Class Members will receive timely

24    relief and avoid the risk of an unfavorable judgment. *Id*. Based on an estimated Net

25    Settlement Amount of $668,368.80, it is estimated that each Settlement Class

26    Member, on average, will receive $93.92 as a result of the Settlement. *Id*. at ¶ 28.

27    Finally, GACC is currently engaged in a multi-year litigation with some of its

28    former shareholders and directors, which is causing a financial burden for the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 19 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    Company. (Matern Decl., at ¶ 27; Kemple Decl., at ¶8.) These considerations weigh

2    strongly in favor of approval.

3    **A. The Proposed Notice Is Appropriate And Satisfies Due Process**

4    The specific requirements for the content of a class notice are set forth in

5    Federal Rule of Civil Procedure Rule 23(c)(2)(B). Notice is satisfactory if it

6    "generally describes the terms of the settlement in sufficient detail to alert those with

7    adverse viewpoints to investigate and to come forward and be heard." *Churchill*

8    *Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. United*

9    *States*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

10    The proposed Notice satisfies these content requirements. The Notice, which

11    will be provided in both English and Spanish, is written in plain, concise language

12    that, among other things, includes: (1) basic information about the Action and the

13    Settlement; (2) the definition of the proposed class; (3) a description of the claims in

14    the Action; (4) an explanation of how Class Members can obtain benefits under the

15    Settlement; (5) an explanation of how Class Members can exercise their right to

16    request exclusion from or object to the Settlement; (6) information regarding the

17    scope of the Released Claims and the binding effect of the Settlement; (7) the date

18    and time of the Final Approval Hearing; and (8) contact information to obtain

19    additional information. (*See* Matern Decl., Ex. A at Ex. 1, Dkt. 65-2.)

20    The Notice provides Class Members with sufficient information to make an

21    informed and intelligent decision about the Settlement. Accordingly, it satisfies the

22    content requirements of Rule 23(e) and satisfies all due process requirements. *See In*

23    *re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D.

24    Cal. Aug. 2, 2011); *Rodriguez*, 563 F.3d at 963 (where class notice communicated

25    the essentials of the proposed settlement in a sufficiently balanced, accurate, and

26    informative way, it satisfied due process concerns).

27    Additionally, prior to mailing the Notice to each Class Member, the

28    Settlement Administrator shall perform a search of the Class Members' addresses

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 20 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1    using the United States Postal Service's National Change of Address Database in

2    order to update and correct any known or identifiable address changes. (Settlement

3    Agreement, Matern Decl., Ex. A at ¶ II.E.1., Dkt. 65-1.) Direct mail notice to Class

4    Members' last known addresses is the best notice possible under the circumstances.

5    *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319(1950); *Eisen*

6    *v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974).

7        **B. <u>The Court Should Provisionally Certify the Class for Settlement</u>**

8            **<u>Purposes Only</u>**

9        A party seeking to certify a class must demonstrate that she has met the "four

10   threshold requirements of Federal Rule of Procedure 23(a): (i) numerosity; (ii)

11   commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline*

12   *Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites are satisfied,

13   a court must consider whether the proposed class can be maintained under at least

14   one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct.

15   2541, 2548 (2011). Plaintiff, here, seeks certification pursuant to Rule 23(b)(3),

16   which requires that "questions of law or fact common to class members predominate

17   over any questions affecting only individual members, and that a class action is

18   superior to other available methods for fairly and efficiently adjudicating the

19   controversy." Fed. R. Civ. P. 23(b)(3).

20       Here, the Parties agree that, for Settlement purposes, and given that the

21   elements of liability need not be proven, the proposed Settlement Class satisfies

22   each of these requirements.[2]

23           **1.    The Proposed Class Is Sufficiently Numerous**

24       The numerosity requirement is satisfied when "joinder of all members is

25   impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to

26   _____

27   [2] To be clear, Defendant contests liability, as well as the propriety of
     certification, and is prepared to vigorously oppose certification and to defend against

28   Plaintiff's claims if the action does not settle.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*                    -- 21 --                    JOINT MOT. FOR PRELIMINARY APPROVAL OF
                                                                                    CLASS ACTION SETTLEMENT

any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010) (affirming certification of a class of 20). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement. *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992). Here, the proposed class consists of approximately 7,116 persons. (Matern Decl., ¶ 5, Dkt. 65-1.) Thus, the class is sufficiently numerous so as to make joinder impracticable.

## 2.    Common Questions of Law and Fact Predominate

Likewise, for settlement purposes, the commonality requirement is met. In this regard, a plaintiff is *not* required to show that there is commonality on *every* factual and legal issue; instead, "for purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2556 (2011) (int. quot. omitted). Further, Courts have found that "[t]he existence of shared legal issues with divergent factual predicates is sufficient, to satisfy commonality under Rule 23 as is a common core of salient facts coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics Mgmt. Corp.,* 2008 WL 4156364, *5 (N.D. Cal. Sept. 5, 2008). Individualized or deviating facts will not preclude class treatment if most class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof. *See Arrendondo v. Delano Farms Co.*, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011).

Importantly, in assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. 591, 618-20 (1997). Where the matter is being settled, and a showing of manageability at trial is unnecessary. *Amchem*, 521 U.S. at 620; *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 488 (E.D. Cal. 2010) (noting that manageability is "essentially irrelevant" in "the context of settlement").

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 22 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Under this relaxed standard, for settlement purposes, the Parties agree that the predominance requirement is satisfied. Plaintiff contends that her and the Class Members' claims arise from common, uniform practices which she contends involve common questions of law and fact, including but not limited to: (1) whether Defendant failed to relieve employees of all duty and employer control during their meal and rest breaks as a result of Defendant's policies; and (2) whether Defendant's policies required employees to work off the clock. As Plaintiff contends Defendant's policies and practices, and the questions of law and fact they raise are the heart of this case and apply uniformly to all Class Members, certification is appropriate for settlement purposes.

### 3.    Plaintiff's Claims Are Typical of Those of The Class

The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and his or her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d at 508).

Here, Plaintiff contends that she an all non-exempt employees of Defendant were subject to the same allegedly non-compliant policies and practices. For example, Plaintiff alleges Defendant failed to provide her and the Class Members lawful meal and rest breaks and associated premium pay, failed to pay all overtime and minimum wages due, failed to timely pay wages and associated waiting time penalties, and failed to issue accurate wage statements. As a result, Plaintiff contends she and the Class have suffered the same or similar injuries, resulting from the same or similar conduct by Defendant. The proposed class thus meets the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*

-- 23 --

JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

1  typicality requirement for settlement purposes.

2  **4.    Plaintiff and Her Counsel Will Adequately Represent the**
3  **Settlement Class Members**

4  A class representative must be able to "fairly and adequately represent the
5  interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether this
6  requirement is met, the Ninth Circuit applies a two-pronged test: "(1) do the named
7  plaintiffs and their counsel have any conflicts of interest with other class members;
8  and (2) will the named plaintiffs and their counsel will prosecute the action
9  vigorously on behalf of the class. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462
10  (9th Cir. 2000). Both prongs are satisfied here.

11  Plaintiff asserts that she has no conflict of interest with other Class Members,
12  as their interests are aligned and she seeks payment for unpaid wages on their
13  behalf. (Matern Decl., ¶ 41, Dkt. 65-1.) Plaintiff's counsel also contends it does not
14  have any conflict of interest with the Class Members. (*Id.* at ¶ 40.)

15  Additionally, both Plaintiff and her counsel contend that they have
16  demonstrated that they will vigorously represent the Class Members. *Id.* at ¶ 44.
17  Plaintiff's counsel has extensive experience in prosecuting wage-and-hour-class
18  cases, and has been appointed as class counsel in numerous wage-and-hour actions.
19  *Id.* at ¶¶ 30-39. Plaintiff and her counsel also have sufficient resources to enable
20  them to vigorously pursue the claims on behalf of the class. *Id.* at ¶ 42.

21  **5.    A Class Action Is a Superior Method of Adjudication**

22  Rule 23(b)(3)'s superiority requirement is satisfied where "classwide
23  litigation of common issues will reduce litigation costs and promote greater
24  efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-*
25  *Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). Once more, in the context of a
26  class action settlement,  a showing of manageability at trial is unnecessary. *Amchem*,
27  521 U.S. at 620; *Vasquez,* 266 F.R.D. at 488 (noting that manageability is
28  "essentially irrelevant" in "the context of settlement").

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*ACTIVE 42947788v1ACTIVE 42977563v1*
-- 24 --    JOINT MOT. FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

Here, the class consists of approximately 7,116 persons, making individual cases impracticable. Furthermore, given the relatively small amounts at issue, it is unlikely that any Class Member acting alone would have pursued these claims against Defendant. *See Leyva*, 716 F.3d at 515 ("In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims"). Plaintiff also contends that Defendant's policies had a similar impact on all non-exempt employees such that class-based resolution is efficient and appropriate. For settlement purposes, the Parties agree that class treatment will preserve judicial resources, save time, and limit duplication of evidence and effort and is thus superior to other available methods of resolution.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) grant preliminary approval of the Settlement; (2) approve the content and plan for distribution of the Notice; (3) certify the proposed class for settlement purposes only; (4) appoint Plaintiff as class representative; (5) appoint Matthew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, as Class Counsel; and (6) schedule a Final Approval Hearing.

DATED: April 15, 2019                   Respectfully submitted,

MATERN LAW GROUP, PC

By:   ___/s/ Matthew J. Matern___
MATTHEW J. MATERN
Attorneys for Plaintiff

*I, Matthew J. Matern, hereby attest that Ashley Farrell Pickett has concurred to the content of, and has authorized, this filing.*

Dated: April 15, 2019                   GREENBERG TRAURIG, LLP

By:   ___/s/ Ashley Farrell Pickett___
Ashley M. Farrell Pickett
Attorneys for Defendant Great American Chicken Corp., Inc.