**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
LAUNA ADOLPH (SBN 227743)
ladolph@maternlawgroup.com
KAYVON SABOURIAN (SBN 310863)
ksabourian@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff CELENA KING,
individually and on behalf of others
similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELENA KING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT AMERICAN CHICKEN CORP., INC. d/b/a Kentucky Fried Chicken, a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-04510-GW(ASx)<br><br>**PLAINTIFF'S AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Filed concurrently with Declaration of Matthew J. Matern; Declaration of Mark D. Kemple; and [Proposed] Order Granting Preliminary Approval of Class Action Settlement]<br><br>Date:  July 18, 2019<br>Time:  8:30 a.m.<br>Courtroom:  9D |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

1

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**PLEASE TAKE NOTICE** that on July 18, 2019, at 8:30 a.m., in Courtroom 9D of the United States District Court for the Central District of California, First Street U.S. Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, plaintiff Celena King ("Plaintiff") will and hereby does move this Court for entry of an order:

1.    Granting preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit A to the Declaration of Matthew J. Matern;

2.    Approving the proposed Notice of Class Action Settlement ("Notice") and the plan for distribution of the Notice to Settlement Class Members;

3.    Certifying the proposed Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c);

4.    Appointing Plaintiff as as representative of the Settlement Class for purposes of settlement only;

5.    Appointing Matthew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, to represent the proposed Settlement Class as class counsel;

6.    Appointing Rust Consulting, Inc. as the Settlement Administrator; and

7.    Scheduling a Final Approval Hearing.

This motion is made on the grounds that the proposed settlement is fair, adequate, and reasonable, and the Notice fairly and adequately informs the proposed Settlement Class Members of the terms of the proposed Settlement, their potential awards, their rights and responsibilities, and the consequences of the Settlement.

Additionally, provisional certification, for settlement purposes only, is appropriate, as (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class;(3) the claims or defenses of the representative parties are typical of the claims or defenses

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-2-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

of the class; (4) the representative parties will fairly and adequately protect the interests of the class; (5) the questions of law or fact common to class members predominate over any questions affecting only individual members; and (6) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Importantly, the Ninth Circuit recently clarified in *In re Hyundai & Kia Fuel Econ. Litig.*, 2019 WL 2376831 (9th Cir. June 6, 2019), that in the context of a settlement, the court's evaluation of Rule 23's predominance and manageability standards are relaxed. "[W]hether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *Id.* at *7. Where there is a settlement, "manageability is not a concern [because …] by definition, there will be no trial." *Id.* at *5. The relaxed predominance standard is met where a settlement concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct. *Id*. at *7.

This motion is based on this notice, the attached memorandum of points and authorities, the Declaration of Matthew J. Matern and all exhibits thereto, including the Settlement Agreement, all documents and records on file in this matter, and such additional argument, authorities, evidence and other matters as may be presented by the parties hereafter.

DATED: June 20, 2019                Respectfully submitted,

                                    MATERN LAW GROUP, PC


                        By: _____
                                    MATTHEW J. MATERN
                                    LAUNA ADOLPH
                                    KAYVON SABOURIAN
                                    Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION……………………………………………………1

II.     FACTUAL AND PROCEDURAL BACKGROUND……………………3

    A. The Parties ................................................................3

    B. Procedural History………………………………………………...3

    C. Discovery and Investigation …………………………………4

    D. Settlement Negotiations …………………………………5

III.    SUMMARY OF SETTLEMENT……………………………………5

    A. The Class ................................................................5

    B. Settlement Terms ....................................................5

    C. Release ..................................................................7

    D. Class Notice and Settlement Administration...........................8

IV.     ARGUMENT…………………………………………………………9

    A. The Settlement Meets the Requirements for Preliminary Approval .......9

        1. Plaintiff and Her Counsel Have Adequately Represented the
Class…............................…………………………………… 10

        2. The Settlement Is the Product of Informed, Arm's Length
Negotiations...............................................................11

        3. The Settlement Provides Adequate Relief for the Class.............13

        4. The Settlement Does Not Provide Preferential Treatment to
Plaintiff or Any Segment of the Class.........................................18

    A. The Proposed Notice Is Appropriate And Satisfies Due Process..........19

    A. The Court Should Provisionally Certify the Class for Settlement
Purposes Only......................................................................20

        1. The Proposed Class Is Sufficiently Numerous ...........................21

        2. Common Questions of Law and Fact Predominate ....................21

        3. Plaintiff's Claims Are Typical of Those of The Class................23

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

        4. Plaintiff and Her Counsel Will Adequately Represent the

          Settlement Class Members ........................................................... 23

        5. A Class Action Is a Superior Method of Adjudication ................ 24

VII.    CONCLUSION……………………………………………………………..25

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-ii-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alberto v. GMRI, Inc.,*
252 F.R.D. 652 (E.D. Cal. 2008)............................................................................2

*Amchem Products, Inc. v. George Windsor,*
521 U.S 591 (1997)..............................................................................22, 24

*Arrendondo v. Delano Farms Co.,*
2011 WL 1486612 (E.D. Cal. Apr. 19, 2011) ...........................................22

*Brinker Restaurant Corp. v. Superior Court,*
53 Cal. 4th 1004 (Apr. 12 2012).................................................................15

*Churchill Vill., L.L.C. v. GE,*
361 F.3d 566 (9th Cir. 2004) ......................................................................19

*Deaver v. Compass Bank,*
2015 WL 4999953 (N.D. Cal. Aug. 21, 2015) ..........................................11

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)....................................................................................20

*Ellis v. Costco Wholesale Corp.,*
657 F.3d 970 (9th Cir. 2011) ......................................................................23

*Fischel v. Equitable Life Assurance Soc'y,*
307 F.3d 997 (9th Cir. 2002) ......................................................................18

*Gabriella v. Wells Fargo Fin., Inc.,*
2008 WL 3200190 (N.D. Cal. Aug. 4, 2008) ............................................15

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ........................................................10, 17, 23

*Hanon v. Dataprods. Corp.,*
976 F.2d 497 (9th Cir. 1992) ......................................................................23

*Harris v. Vector Mktg. Corp.,*
2011 WL 1627973 ................................................................................11, 19

*Hendricks v. StarKist Co.,*
2015 WL 4498083 (N.D. Cal. July 23, 2015) ...........................................19

*Hopson v. Hanesbrands Inc.,*
2009 WL 928133 (N.D. Cal. Apr. 3, 2009).................................................14

*In re Badger Mountain Irr. Dist. Sec. Litig.,*
143 F.R.D. 693 (W.D. Wash. 1992)............................................................21

*In re Hyundai & Kia Fuel Econ. Litig.,*
2019 WL 2376831 (9th Cir. June 6, 2019)...........................................passim

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ............................................................11

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ..............................................2

*In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*,
  295 F.R.D. 438 (C.D. Cal. 2014) ......................................................14

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Li*ab. Litig.*,
  895 F.3d 597 (9th Cir. 2018) ............................................................24

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
  2011 WL 3352460 (N.D. Cal. Aug. 2, 2011) ......................................20

*Levya v. Medline Indus, Inc.*,
  716 F.3d 510 (9th Cir. 2013) ............................................................20

*Mendoza v. United States*,
  623 F.2d 1338 (9th Cir. 1980) ..........................................................19

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ..........................................................................20

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ............................................................10

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999) ..........................................................................24

*Rannis v. Recchia*,
  380 F. App'x 646 (9th Cir. 2010) ......................................................21

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ............................................................20

*Satchell v. Fed. Express Corp.*,
  2007 WL 1114010 (N.D. Cal. Apr. 13, 2007) ....................................11

*Smith v. Cardinal Logistics Mgmt. Corp.*,
  2008 WL 4156364 (N.D. Cal. Sept. 5, 2008) ....................................21

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................19

*Stetson v. Grissom*,
  821 F.3d 1157 (9th Cir. 2016) ..........................................................18

*Valentino v. Carter-Wallace, Inc.*,
  97 F.3d 1227 (9th Cir. 1996) ............................................................24

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010) ......................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

*Wal-Mart Stores, Inc. v. Dukes,*
  131 S. Ct. 2541 (2011)............................................................................20, 21

*Zamora Jordan v. Nationstar Mortg., LLC,*
  No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019)...........17

**Rules**

Federal Rules of Civil Procedure, Rule 23 ......................................................passim

Federal Rules of Civil Procedure, Rule 23(a) .........................................................2

Federal Rules of Civil Procedure, Rule 23(b) ....................................................2, 20

Federal Rules of Civil Procedure, Rule 23(c) .........................................................2

Federal Rules of Civil Procedure, Rule 23(a)(1) ....................................................21

Federal Rules of Civil Procedure, Rule 23(a)(2) ....................................................21

Federal Rules of Civil Procedure, Rule 23(a)(3) ....................................................23

Federal Rules of Civil Procedure, Rule 23(a)(4) ....................................................23

Federal Rules of Civil Procedure, Rule 23(b)(3).................................................passim

Federal Rules of Civil Procedure, Rule 23(b)(3)(D)...............................................24

Federal Rules of Civil Procedure, Rule (c)(2)(B) ...................................................19

Federal Rules of Civil Procedure, Rule 23(e) .................................................2, 9, 20

Federal Rules of Civil Procedure, Rule 23(e)(2).....................................................10

Federal Rules of Civil Procedure, Rule 23(e)(3).....................................................13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## I. INTRODUCTION

Pursuant to Federal Rule of Procedure Rule 23, Plaintiff Celena King ("Plaintiff") respectfully moves this Court for entry of an order preliminarily approving a proposed wage-and-hour class action settlement agreement entered into by Plaintiff and Defendant Great American Chicken Corp., Inc. ("Defendant" or "GACC"). As discussed herein, the proposed Settlement is fair and reasonable and warrants this Court's approval.

The Settlement Agreement provides for a non-reversionary settlement in the gross amount of $1,200,000.00. (*See* Settlement Agreement attached as Exhibit A to the Declaration of Matthew J. Matern ("Matern Dec."), at ¶ I.II.) Every Participating Class Member[1] will receive a Settlement Award, and none of the Settlement Proceeds will revert to GACC.[2]

The Settlement was reached after formal and informal discovery and arms'-length, non-collusive bargaining between counsel, including an all-day mediation with experienced wage-and-hour class action mediator, David A. Rotman. The settlement amount represents a substantial recovery for the Class Members based on the claims alleged and the defenses thereto. Furthermore, Plaintiff and class counsel adequately represented the class and the Settlement does not provide preferential treatment to Plaintiff or any segment of the class. In sum, the proposed Settlement is fair, reasonable and adequate and should be preliminarily approved.

Additionally, the proposed notice procedure is appropriate and meets all

---

[1] Participating Class Member means "those Settlement Class Members who have not timely opted-out" of the Settlement. (*Id*. at ¶ I.S.) The Settlement Class is defined as "any and all individuals who were employed at a restaurant operated by Defendant in the State of California as a non-exempt hourly employee at any time" from January 10, 2013 through May 15, 2019. (*Id*. at ¶¶ I.FF and I.E.)

[2] Because GACC is currently engaged in a costly multi-year litigation with some of its former shareholders and directors, the Parties have negotiated that the gross Settlement Amount be paid out over an approximately one-year period. (Matern Decl., at ¶ 27; Kemple Decl., at ¶ 8.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-1-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

requirements as to method and form. The Notice of Class Action Settlement ("Notice") will be mailed to the Class Members by First Class U.S. Mail at their last known addresses, as updated by the Settlement Administrator, in both English and Spanish. The Notice Packet fairly apprises the Class Members of the terms of the proposed Settlement and of their rights and options regarding the proceedings. Finally, for settlement purposes, and given that the elements of liability need not be proven, the proposed Settlement Class meets the four prerequisites identified in Federal Rule of Civil Procedure 23(a) and additionally fits within one of the three subdivisions of Federal Rule of Civil Procedure 23(b)." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 659 (E.D. Cal. 2008).

Accordingly, the Settlement satisfies the standard for preliminary approval pursuant to Federal Rule of Civil Procedure 23(e), and it is undoubtedly within the range of possible approval to justify sending notice to class members and scheduling final approval proceedings. *See In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). Thus, the Parties respectfully request that this Court issue an order in the form lodged herewith: (1) preliminarily approving the proposed class-wide settlement of this class action; (2) certifying the proposed Settlement Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(c); (3) approving the form and method for providing class-wide notice (Exhibit 1 to the Proposed Order); (4) appointing Matern Law Group, PC as settlement class counsel, and Celena King as settlement class representative; and (5) setting a hearing to determine whether final approval of the settlement should be granted, the settlement class should be certified, class counsel should be appointed, and consider Plaintiff's application for attorneys' fees and expenses.[3]

---

[3] If this Settlement Agreement is not finally approved by the Court or GACC elects to withdraw from the Settlement under any of the terms in Section II(I)(1)-(2) of the Settlement Agreement, certification of any Settlement Class will be vacated without prejudice to the Parties' respective positions on the issues of class certification. (*Id.* at ¶ II.D.2.) Section II(I)(1)-(2) of the Settlement Agreement

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-2-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    <u>The Parties</u>

GACC operated approximately 72 Kentucky Fried Chicken restaurants in California during the Class Period. (Matern Decl., ¶ 3, Dkt. 67-1.) Plaintiff was employed as a non-exempt hourly employee at GACC's Kentucky Fried Chicken restaurant in Lancaster, California from June 10, 2015 to May 2016. (*Id*. at ¶ 4.)

### B.    <u>Procedural History</u>

On January 10, 2017, Plaintiff filed this putative class action against Defendant in Los Angeles Superior Court, alleging causes of action for: (1) failure to provide meal periods; (2) failure to authorize and permit rest periods; (3) failure to pay minimum wages; (4) failure to pay overtime wages; (5) failure to pay all wages due to discharged and quitting employees; (6) failure to maintain required records; (7) failure to furnish accurate itemized wage statements; (8) failure to indemnify employees for necessary expenditures incurred in discharge of duties; and (9) unfair and unlawful business practices. (Dkt. 1-1.) On February 21, 2017, Plaintiff filed her First Amended Complaint which added a claim for Penalties under the Labor Code Private Attorneys General Act ("PAGA"). (Dkt. 1-2.) On June 19, 2017, Defendant removed this case under the Class Action Fairness Act. (Dkt. 1.)

On August 18, 2017, Plaintiff filed her Second Amended Complaint. (Dkt. 17.) On November 9, 2017, Plaintiff filed her Third Amended Complaint ("TAC") (Dkt. 24), which GACC moved to dismiss (Dkt. 29). On December 28, 2017, Plaintiff filed her Motion to Remand. (Dkt. 38.) On January 29, 2018, the Court

provides that (1) if more than five percent (5%) the Settlement Class validly and timely request exclusion from the Action and/or settlement, GACC shall have the option, in its sole discretion, to withdraw from the Settlement Agreement and (2) if the Court disapproves of or refuses to enforce any material portion of this Agreement, each Party shall also have the option, in its sole discretion, to withdraw from the Settlement Agreement. (*Id.* at ¶¶ II.I.1, II.I.2.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-3-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1  granted Plaintiff's Motion to Remand and vacated GACC's Motion to Dismiss.

2  (Dkt. 48.) On September 6, 2018, the United States Court of Appeals for the Ninth

3  Circuit reversed the Court's order granting Plaintiff's Motion to Remand. (Dkt. 53.)

4      **C.**    **Discovery and Investigation**

5      Prior to filing the Complaint, Plaintiff's counsel conducted an extensive

6  investigation including interviewing Plaintiff, reviewing documents provided by

7  Plaintiff, Defendant and other publicly-available documents, and conducting

8  research regarding applicable California Labor Code sections and the Industrial

9  Welfare Commission Wage Order. (Matern Decl., ¶ 10, Dkt. 67-1.)

10      The Parties also engaged in significant discovery after the Complaint was

11  filed. Plaintiff propounded written discovery, including interrogatories, requests for

12  admission, and requests for production of documents. (*Id.* at ¶ 11.) Following

13  receipt of Defendant's responses, the Parties engaged in extensive meet and confer

14  efforts and submitted a Joint Report Regarding Jurisdictional Discovery. (*Id.* at ¶

15  12; Dkt. 28.) On November 30, 3017, the Court held a discovery hearing, during

16  which Defendant stipulated to the last known addresses of putative class members.

17  (Dkt. 30.) Defendant also propounded, and Plaintiff responded to, interrogatories

18  and requests for production of documents. (Matern Decl., ¶ 13, Dkt. 67-1.)

19      Prior to mediation, Defendant produced thousands of documents to Plaintiff,

20  including but not limited to: all relevant wage and hour policy documents, a

21  sampling of the identity of putative class members and their contact information,

22  and a statistically significant sampling of the timekeeping and payroll records. (*Id.*

23  at ¶ 14.) Plaintiff retained a statistical analyst to analyze the sampling of Class

24  Members' timekeeping and payroll records, which assisted Plaintiff's counsel in

25  preparing a damages model prior to mediation. (*Id.*) Plaintiff also sent postcards to

26  putative class members inviting them to provide information to Plaintiff's counsel

27  regarding their work experiences. (*Id.*)

28  ///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-4-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

**D.     Settlement Negotiations**

On December 4, 2018, the Parties participated in a private in-person mediation session with experienced mediator David A. Rotman, Esq. (*Id*. at ¶ 16.) The mediation session lasted all day and into the early evening, but the Parties were unable to reach a resolution. (*Id*.) Following the mediation, Mr. Rotman issued a mediator's proposal which set forth the material terms of a proposed settlement which would fully resolve this matter. (*Id*. at ¶ 17.) Each Party accepted the mediator's proposal on December 19, 2018, subject to entering into a more comprehensive written settlement agreement. (*Id*. at ¶ 18.) The Settlement Agreement was negotiated and was fully executed on April 15, 2019. (Matern Decl., Ex. A, Dkt. 67-2.)

**III.    SUMMARY OF SETTLEMENT**

**A.     The Class**

The proposed class consists of all persons employed at a restaurant operated by GACC in California as a non-exempt hourly employee at any time from January 10, 2013 through May 15, 2019. (Matern Decl., Ex. A at ¶¶ I.E, I.FF, Dkt. 67-2.) There are approximately 7,116 Class Members. (*Id*. at ¶5, Dkt. 67-1.)

**B.     Settlement Terms**

Under the proposed Settlement, the claims of all Class Members shall be settled for the gross amount of One Million, Two Hundred Thousand Dollars ($1,200,000.00) which shall be inclusive of all Settlement Payments to Participating Class Members, Class Counsel Attorneys' Fees and Litigation Costs, the Incentive Award, Settlement Administration Costs, PAGA payment to the LWDA, and the Employer's Share of Payroll Taxes. (Matern Decl., Ex. A at ¶ I.II, Dkt. 67-2.) No portion of the Maximum Settlement Amount shall revert to Defendant or result in an unpaid residue. (*Id*., at ¶ II.A.1, Dkt. 67-2.)

The Settlement Proceeds shall be paid in three separate installments, with Six Hundred and Eighteen Thousand Dollars ($618,000.00) paid in the First Installment

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-5-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Payment, Two Hundred Eighty-Two Thousand Dollars ($282,000.00) paid in the Second Installment Payment one hundred and eighty (180) days thereafter, and Three Hundred Thousand Dollars ($300,000.00) paid in the final Third Installment Payment no later than three hundred and sixty (360) days after the date of the First Installment Payment. (Matern Decl., Ex. A at ¶ II.A.2, Dkt. 67-2.)

The Settlement Proceeds shall be allocated as follows:

1.    Individual Settlement Payments. All Class Members shall be eligible to receive a share of the Net Settlement Amount, which equals the Settlement Proceeds, less Class Counsel Attorneys' Fees and Litigation Costs, the Incentive Award, Settlement Administration Costs, the PAGA payment to the LWDA, and the Employer's Share of Payroll Taxes. (Matern Decl., Ex. A at ¶ I.O, Dkt. 67-2.) The Net Settlement Amount shall be distributed to the Participating Class Members on a pro rata basis according to the total number of Pay Periods worked during the Class Period.[4] (Matern Decl., Ex. A at ¶ II.C, Dkt. 67-2.)[5]

2.    Incentive Award. Subject to Court approval, Plaintiff shall be paid an Incentive Award not to exceed Five Thousand Dollars ($5,000.00) for her time, effort and risk in bringing and presenting the Action and serving as the class representative. (Matern Decl., Ex. A at ¶¶ II.A.I, II.K.11.d, Dkt. 67-2.)

3.    Class Counsel Award. Subject to Court approval, Plaintiff's Counsel shall receive an award of attorneys' fees in an amount not to exceed Four Hundred

---

[4] To account for waiting time penalties, each Participating Class Member who is a former employee of Defendant as of the Preliminary Approval Date shall be allocated an additional three (3) Pay Periods share of the Net Settlement Amount. (Matern Decl., Ex. A at ¶ II.C.3, Dkt. 67-2.)

[5] Individual Settlement Payment checks will remain negotiable for 180 days from the date of issuance. (Matern Decl., Ex. A at ¶ II.L.3.) If an Individual Settlement Payment check remains uncashed after 180 days from issuance, the Settlement Administrator shall pay over the amount represented by the check to the State Controller's Office Unclaimed Property Fund, with the identity of the Participating Class Member to whom the funds belong. (Id.)

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-6-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Thousand Dollars ($400,000.00), which equals one-third (1/3) of the gross Settlement Proceeds, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Thousand Dollars ($30,000.00). (Matern Decl., Ex. A at ¶ II.A.1, Dkt. 67-2.)

4.    <u>Payment to the LWDA</u>. Subject to Court approval, Twenty-Four Thousand Dollars ($24,000.00) from the gross Settlement Proceeds will be allocated as penalties under PAGA, of which 75%, or Eighteen Thousand Dollars ($18,000.00), will be paid to the LWDA. (Matern Decl., Ex. A at ¶ II.A.1, Dkt. 67-2.) The remaining 25% of the amount allocated toward PAGA penalties (*i.e.*, $6,000.00) shall be part of the Net Settlement Amount and will be distributed to Participating Class Members as part of their Individual Settlement Payments. (Matern Decl., Ex. A at ¶¶ I.O, II.A.2, Dkt. 67-2.)

5.    <u>Settlement Administration Costs</u>. Subject to Court approval, the Settlement Administration Costs which are estimated not to exceed Fifty Thousand Dollars ($50,000.00) shall be paid from the gross Settlement Proceeds. (Matern Decl., Ex. A at ¶¶ I.BB, II.A.1, Dkt. 67-2.)

6.    <u>Employer's Share of Payroll Taxes</u>. The Employer's Share of Payroll Taxes shall be paid from the Settlement Proceeds. (Matern Decl., Ex. A at ¶ I.II, Dkt. 67-2.)

**C.    <u>Release</u>**

Upon the Effective Date, Plaintiff and all other Participating Class Members shall be deemed to have released the Released Parties from any and all claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever, known or unknown, in law or in equity, whether concealed or hidden, which arose at any time on or before the Preliminary Approval Date based on the facts or claims asserted by Plaintiff Celena King in any pleading in the Action on her own behalf or on behalf of a putative class member, or based on any facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-7-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

failures that relate to or arise out of, in any way, the claims made and facts alleged in the Action, including without limitation violations of any state or federal statutes rules, or regulations (including the Fair Labor Standards Act), based on an assertion that Released Parties (1) failed to provide meal or rest breaks and/or pay meal or rest break premiums; (2) failed to pay overtime due under California law; (3) failed to pay any wages due; (4) failed to provide accurate wage statements; (5) failed to maintain records; (6) failed to reimburse business expenses; (7) failed to pay all wages due at termination; (8) violated the California Labor Code Private Attorneys General Act; and/or (9) engaged in any unfair and unlawful business practices. (Matern Decl., Ex. A at ¶¶ I.W, IV.A, Dkt. 67-2.)

"Released Parties" means Defendant together with its past and present parents, subsidiaries, divisions, partners and affiliates, and their respective past and present stockholders, officers, directors, employees, managers, attorneys and insurers, as well as any other persons or entities who are alleged to have been involved in the conduct alleged, or sought to be alleged, at any time in the Action. (Matern Decl., Ex. A at ¶ I.X, Dkt. 67-2.)

### D.    Class Notice and Settlement Administration

Within seven (7) business days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with each Class Member's full name; last known address; Social Security or other identifying number; and Pay Periods ("Class Information") for purposes of mailing the Notice to Class Members. (Matern Decl., Ex. A at ¶¶ I.D, II.B.2, Dkt. 67-2.) Upon receipt of the Class Information, the Settlement Administrator will perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes. (Matern Decl., Ex. A at ¶ II.E.1, Dkt. 67-2.) Within ten (10) business days after receiving the Class Information from Defendant as provided herein, the Settlement Administrator shall mail copies of the Notice of Class Action Settlement, in both

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-8-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

English and Spanish (the "Notice"), to all Class Members via regular First-Class U.S. Mail. *Id.* The Notice will provide Class Members with an estimate of their Individual Settlement Payment based on their Pay Periods as set forth in GACC's records. (Matern Decl., Ex. A at Ex. 1, Dkt. 67-2.) Class Members will have the opportunity, should they disagree with the number of Pay Periods stated on the Notice, to provide documentation and/or an explanation to show contrary information. (*Id.*)

Class Members who wish to exclude themselves from the Settlement must submit a Request for Exclusion to the Settlement Administrator within forty-five (45) days after the Settlement Administrator mails the Notice to Class Members ("Response Deadline"). (Matern Decl., Ex. A at ¶ I.AA, Dkt. 67-2.) To be valid, the Request for Exclusion must: (1) contain the name, address, and telephone number of the person requesting exclusion; (2) be signed by the Settlement Class Member; and (3) be postmarked by the Response Deadline and delivered to the Settlement Administrator at the specified address. (Matern Decl., Ex. A at ¶ II.G.1, Dkt. 67-2.) Class Members who wish to object to the Settlement must submit to the Settlement Administrator a Notice of Objection by the Response Deadline. (Matern Decl., Ex. A at ¶ II.G.2, Dkt. 67-2.) To be valid, the Notice of Objection must: (1) state with particularity the basis therefor; (2) state the full name, address, and telephone number of the person objecting; (3) be signed by the Settlement Class Member; and (4) be postmarked by the Response Deadline and delivered to the Settlement Administrator at the specified address. (*Id.*)

## IV.    ARGUMENT

### A.    The Settlement Meets the Requirements for Preliminary Approval

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Proc. § 23(e). Before a court approves a settlement, it must conclude that the settlement is "fair, reasonable and adequate."

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-9-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Fed. R. Civ. Proc. 23(e)(2). Generally, the district court's review of a class action settlement is "extremely limited." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court considers the settlement as a whole and lacks authority to "delete, modify or substitute certain provision." *Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).

To approve a settlement that would bind class members, the court must consider whether: (A) "the class representatives and class counsel have adequately represented the class;" (B) "the proposal was negotiated at arm's length;" (C) "the relief provided for the class is adequate;" and (D) "the proposal treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2).

The Ninth Circuit recently clarified in *In re Hyundai & Kia Fuel Econ. Litig.*, 2019 WL 2376831 (9th Cir. June 6, 2019), that in the context of a settlement, the court's evaluation of Rule 23's predominance and manageability standards are relaxed. "[W]hether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *Id.* at *7. Where there is a settlement, "manageability is not a concern [because …] by definition, there will be no trial." *Id.* at *5. The relaxed predominance standard is met where a settlement concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct. *Id*. at *7. Particularly for Settlement purposes, wherein the elements of liability need not be proven, each of these factors weighs in favor of approving the proposed Settlement.

### 1.  Plaintiff and Her Counsel Have Adequately Represented the Class

To determine whether this requirement is met, the Ninth Circuit applies a two-pronged test: "(1) do the named plaintiffs and their counsel have any conflicts

of interest with other class members; and (2) have the named plaintiffs and their counsel prosecuted the action vigorously on behalf of the class. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). Both prongs are satisfied here. Plaintiff asserts that she has no conflict of interest with other Class Members, as their interests are aligned and she seeks payment for unpaid wages on their behalf. (Matern Decl., ¶ 41, Dkt. 67-1.) Plaintiff's counsel also contends it does not have any conflict of interest with the Class Members. (*Id.* at ¶ 40.)

Additionally, Plaintiff and her counsel have vigorously represented the class. (*Id*. at ¶ 44.) Plaintiff has taken an active role as class representative and supported her counsel's litigation efforts. (*Id.*) Plaintiff's counsel has extensive experience in prosecuting wage-and-hour class cases, and has been appointed class counsel in numerous wage-and-hour actions. (*Id.* at ¶¶ 30-39.) Utilizing this experience, Plaintiff's counsel has vigorously prosecuted this action. (*Id.* at ¶¶ 9-14.)

### 2.    The Settlement Is the Product of Informed, Arm's Length Negotiations

An initial presumption of fairness exists where "the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, *8. Indeed, the use of an experienced mediator support a finding that settlement negotiations were both informed and non-collusive. *See, e.g., Satchell v. Fed. Express Corp.,* 2007 WL 1114010, *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Deaver v. Compass Bank,* 2015 WL 4999953, *7 (N.D. Cal. Aug. 21, 2015) (accord).

Here, the Settlement was reached after extensive arm's-length negotiations. On March 15, 2019, the Parties participated in a full-day in-person mediation session with David A. Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. (Matern Decl., ¶ 16, Dkt. 67-1.) After the Parties were unable to reach a resolution at the mediation, Mr. Rotman made a

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-11-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

mediator's proposal which set forth the material terms of a proposed settlement which would fully resolve this matter. (*Id*. at ¶ 17.) The Parties accepted the mediator's proposal on December 19, 2018. (*Id*. at ¶ 18.)

These circumstances are the antithesis of collusion and show that the settlement negotiations were at arm's length and were adversarial. (*Id*. at ¶ 20.) The Parties went into the mediation session willing to explore the potential for a settlement of the dispute, but were prepared to litigate their positions through trial and appeal if a settlement had not been reached. (*Id*.)

Here, "[b]y the time the settlement was reached, the litigation had proceeded to a point in which both plaintiffs and defendants had a clear view of the strengths and weaknesses of their cases." *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 489 (E.D. Cal. 2010) (internal citations omitted). Plaintiff and her counsel were able to make an informed decision regarding settlement, as Plaintiff conducted significant formal and informal discovery and investigation prior to the mediation. Before filing the Complaint, Plaintiff conducted an extensive investigation including interviewing Plaintiff, reviewing documents provided by Plaintiff and Defendant and other publicly-available documents, and conducting research regarding applicable California Labor Code Sections and Industrial Welfare Commission Wage Orders. (Matern. Decl., ¶ 9, Dkt. 67-1). After the Complaint was filed, the Parties propounded and responded to written discovery, including interrogatories, requests for admission, and requests for production of documents. (*Id*. at ¶ 10.) Prior to mediation, Defendant produced thousands of documents, including but not limited to: all relevant wage and hour policy documents, a sampling of class members' names and contact information, and a sampling of the timekeeping and payroll records. (*Id*. at ¶ 13.) Plaintiff retained a statistical analyst to analyze the sampling of Class Members' timekeeping and payroll records which assisted Plaintiff's counsel in preparing a damages model prior to mediation. (*Id*.) Plaintiff also sent postcards to putative class members inviting them to provide

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-12-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

information to Plaintiff's counsel regarding their work experiences. (*Id*.) Based on the information and record developed through extensive investigation and discovery, Plaintiff's counsel was able to act intelligently and effectively in negotiating the Settlement. (*Id.* at ¶ 14.)

The Parties had ample information, expert guidance from an experienced mediator, and intimate familiarity with the strengths and weaknesses of their respective cases. As such, there can be no doubt that the Class Settlement is the result of exhaustive arm's-length discussions.

### 3.    The Settlement Provides Adequate Relief for the Class

The third factor the Court considers is whether the relief provided for the class is adequate, taking into account: "(i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."[6] Under the terms of the Settlement, GACC will pay $1,200,000.00 to resolve this Action. According to Plaintiff's calculations, the Settlement Proceeds reflect over 10% of the *maximum potential damages*, exclusive of penalties and interest, allegedly owed to Settlement Class Members. (Matern Decl., ¶ 22, Dkt. 67-1.)[7] This is a substantial recovery for the Class Members, which takes into consideration the significant risks of proceeding with the litigation.[8]

---

[6] There are no separate agreements that the Court needs to consider to approve the proposed Settlement. (Matern Decl., Ex. A at ¶ V.H, Dkt. 67-2.)

[7] A detailed explanation of Plaintiff's valuation is set forth in Paragraph 22 of the Matern Declaration. Defendant contests Plaintiff's maximum potential damages figure and contends the maximum potential damages (assuming certification and liability on the merits) are in fact much lower, and thus Settlement Class Members are obtaining a much larger percentage of maximum potential damages recovery.

[8] Other courts have approved settlements with far lower percentages of the total

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

i.    <u>Cost, Risks and Delay of Further Litigation</u>

In reaching a decision to settle this case, Plaintiff's counsel considered the risks of proceeding with the litigation, including: (i) successfully opposing GACC's Motion to Dismiss Plaintiff's meal and rest break, overtime, minimum wage and derivative waiting time and wage statement claims, (ii) obtaining and maintaining class certification, (iii) the burdens of proof necessary to establish liability, (iv) the class certification and merits defenses raised by Defendant, (v) the difficulties in establishing damages, (vi) the likelihood of success at trial, (vii) the probability of appeal in the event of a favorable judgment, and (viii) the probability Defendant will be unable to pay a large judgment. (Matern Decl., ¶¶ 21-29, Dkt. 67-1.)

Absent a settlement, GACC would assert the following defenses:

•    GACC argues that highly individualized questions (including questions of credibility) would have to be resolved to establish each Class Members' claim. For example, GACC contends that each employee received and acknowledged GACC's wage and hour related policies contained in GACC's Employee Handbook, which GACC claims are compliant with California law and thus there is no "common evidence" on which to build a case for class certification – let alone for divergent positions, locations, managers and employees. Further, GACC obtained 34 declarations from Class Members, which GACC contends show that they did not experience "common" violations. Rather, GACC contends the declarations state that putative class members received compensation for any overtime to which they were entitled, have consistently been authorized to take

---

possible recovery. *See, e.g., Hopson v. Hanesbrands Inc.,* 2009 WL 928133, *8 (N.D. Cal. Apr. 3, 2009) ("The settlement … represents less than two percent of that amount," but "may be justifiable … given … significant defenses that increase the risks of litigation."); *In re Toys R Us–Del., Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 295 F.R.D. 438, 453–54 (C.D. Cal. 2014) (granting final approval of a settlement providing for payment reflecting 3% of possible recovery ($391.5 million settlement with exposure up to $13.05 billion)).

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-14-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

their meal and rest periods, have never been instructed or permitted to work off the clock, and have been properly paid for the time they worked. (Kemple Decl., ¶ 4, Dkt. 67-3.) GACC argues that contrary evidence to establish liability would require individualized testimony, and would subject the individuals to profound attacks on individuals' credibility – none of which could be resolved on a class-wide basis.

- GACC argues that the question of whether a meal and/or rest break was not "provided" to a particular employee, on a particular day, by a particular manager, and whether that employee took it, waived it, or was coerced not to take it on that day, is a highly individualized inquiry, not amenable to class treatment. *See e.g., Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (Apr. 12 2012); *Gabriella v. Wells Fargo Fin., Inc.*, 2008 WL 3200190, *3 (N.D. Cal. Aug. 4, 2008) (individual issues predominated because in the absence of unlawful class-wide policies, "defendants' liability turn[ed] on whether meal and rest periods were made available and the reasons why breaks were missed."). GACC argues that why a meal or rest break is not recorded by an employee is an individualized inquiry, and that there is no way to answer that by simply looking at time entries. As for rest breaks (for which employees did not clock out), the time records are not a method of "common proof."

- GACC also argues there is no common proof for Plaintiff's claims (i) that she was required to work off-the clock ("OTC"), and (ii) that any OTC work, if properly accounted for, would have resulted in compensation at an overtime rate. GACC argues that time records do not provide common proof because, by definition, they do not show such time. GACC also argues that one would have to examine, and cross-examine for credibility, each individual's separate claims of supposed off-the-clock work. Further, GACC argues, each putative Class Member would need to overcome this credibility hurdle in the face of his/her own time records, which show no OTC work and further would have to prove that his/her individual manager knowingly suffered or permitted the work. It argues that each of

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-15-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

these inquiries is fact intensive and individualized, and thus not certifiable.

- GACC argues that Plaintiff's unreimbursed business expense claim also is not amenable to class wide resolution, but is highly individualized and each putative Class Member would have to show that (1) the purchase was a "direct consequence of the discharge of … [the employee's] duties, or of his or her obedience to the directions of the employer," (2) that such purchase was "necessary," and that (3) the costs incurred were "reasonable" under the circumstances, per Labor Code section 2802(a)(c). GACC also argues that Plaintiff's claim that she was entitled to reimbursement for black pants fails as a matter of law as an employer need not reimburse for a uniform that is generally usable in the employee's occupation, as set forth in DLSE Opinion Letter 1991.02.13. And GACC argues that if required to purchase anything for work purposes, GACC's policy is to reimburse non-exempt employees for such. It thus argues, these claims cannot be certified and lack merit.

Though Plaintiff is confident in the merits of the case, Plaintiff recognizes that a legitimate controversy exists as to each cause of action. Indeed, given the above, there was significant risk that, if the Action was not settled, the Court may deny certification of all or some of Plaintiff's claims. While Class Counsel believed that class certification could nevertheless be obtained, it recognized that the certification issue would pose a litigation risk.

Further, even if Plaintiff obtained certification of some or all of the claims, continued litigation would be expensive, involving a trial and possible appeals, and would substantially delay and reduce any recovery by the Class Members. (Matern Decl., ¶ 25, Dkt. 67-1.) While Plaintiff is confident in the merits of her claims, a legitimate controversy exists as to each cause of action. (*Id*. at ¶ 26.) In addition, Plaintiff recognizes that proving the amount of wages due to each Class Member would be an expensive, time-consuming, and uncertain proposition. (*Id*.) In contrast, because of the proposed Settlement, Class Members will receive timely

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-16-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

relief and avoid the risk of an unfavorable judgment. (*Id*.) Based on an estimated Net Settlement Amount of $668,368.80, it is estimated that each Settlement Class Member, on average, will receive $93.92 as a result of the Settlement. (*Id*. at ¶ 28.) Finally, GACC is currently engaged in a multi-year litigation with some of its former shareholders and directors, which is causing a financial burden for the Company. (Matern Decl., ¶ 27, Dkt. 67-1; Kemple Decl., ¶ 8, Dkt. 67-3.)

Where, as here, the parties face significant uncertainty, the attendant risks favor settlement. *Hanlon*, 150 F.3d at 1026. Thus, this factor supports approval.

ii.     The Effectiveness of the Proposed Method of Distributing Relief to the Class

The Settlement Agreement provides a straightforward process for distributing the Settlement Proceeds to Settlement Class Members. Pursuant to the terms of the Settlement Agreement, Settlement Class Members are not required to submit a claim form to receive a share of the Settlement Proceeds; rather, all Settlement Class Members who do not opt out will automatically receive a settlement payment. (Matern Decl., Ex. A at ¶ II.C, Dkt. 67-2.) Participating Class Members will have 180 calendar days from the date of issuance of each Settlement Check to cash or deposit the check. (Matern Decl., Ex. A at ¶ II.L.3, Dkt. 67-2.) For any checks not cashed or deposited within 180 days, the Settlement Administrator will transfer the amount represented by the check to the California State Controller's Office Unclaimed Property Fund, with the identity of the Participating Class Member to whom the funds belong, to be held for the Participating Class Member. (*Id*.) This will allow Participating Class Members who did not cash or deposit their checks within 180 days to collect their respective Settlement Payment at any time in the future. (*Id*.) Thus, the proposed method of distribution "equitably and effectively distribute[s] relief to the Class." *See Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *4 (E.D. Wash. May 2, 2019).

///

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-17-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

iii.    The Terms of the Proposed Award of Attorney's Fees

Subject to Court approval, Plaintiff's Counsel shall receive an award of attorneys' fees in an amount not to exceed Four Hundred Thousand Dollars ($400,000.00), which equals one-third (1/3) of the gross Settlement Proceeds, and reimbursement of litigation costs and expenses in an amount not to exceed Thirty Thousand Dollars ($30,000.00). (Matern Decl., Ex. A at ¶ II.A.1, Dkt. 67-2.) To calculate the fee in a common-fund case, the district court "has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016), quoting *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002). Since this motion does not ask the Court to award attorneys' fees, and the Settlement provides that attorneys' fees are "not to exceed… one-third (1/3) of the gross Settlement Proceeds," the terms are acceptable for purposes of preliminary approval. The ultimate determination of attorneys' fees will be properly addressed at the final approval stage, subject to a separate motion for attorneys' fees. (Matern Decl., Ex. A at ¶ II.J, Dkt. 67-2.) Pursuant to the Settlement Agreement, attorneys' fees will be distributed at the same time as payments to Class Members. (Matern Decl., Ex. A at ¶ II.K.9, Dkt. 67-2.)

**4.    The Settlement Does Not Provide Preferential Treatment to Plaintiff or Any Segment of the Class**

Under the fourth factor, the Court examines whether the proposed settlement provides preferential treatment to any class member. Here, the proposed Settlement poses no risk of unequal treatment of any Class Member, as each Participating Class Member's Individual Settlement Payment will be calculated on a pro rata basis, based upon his or her Pay Periods. (Matern Decl., Ex. A at ¶ II.C, Dkt. 67-2.) Further, each Participating Class Member who is a former employee of Defendant as of the Preliminary Approval Date shall be allocated an additional three (3) Pay Periods share of the Net Settlement Amount to account for waiting time penalties. (Matern Decl., Ex. A at ¶ II.C.3.) "[T]o the extent feasible, the plan should provide

class members who suffered greater harm and who have stronger claims a larger share of the distributable settlement amount." *Hendricks v. StarKist Co.,* 2015 WL 4498083, *7 (N.D. Cal. July 23, 2015).

Subject to Court approval, the Settlement provides for an Incentive Award to Plaintiff in an amount not to exceed $5,000.00. (Matern Decl., Ex. A at ¶ II.A.1, Dkt. 67-2.) Plaintiff contends this modest payment is appropriate based on the substantial risk assumed by and the services undertaken by Plaintiff on behalf of the Class Members. The Ninth Circuit has recognized that service awards to named plaintiffs in class actions are permissible. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Furthermore, the Court will ultimately determine whether Plaintiff is entitled to the requested service award at the Final Approval Hearing, after Plaintiff submits a declaration outlining the efforts expended and risks taken on behalf of the Class Members. *See Harris*, 2011 WL 1627973, at *9. Thus, the absence of any preferential treatment supports preliminary approval.

## A.    The Proposed Notice Is Appropriate And Satisfies Due Process

The specific requirements for the content of a class notice are set forth in Federal Rule of Civil Procedure Rule 23(c)(2)(B). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Notice satisfies these content requirements. The Notice, which will be provided in both English and Spanish, is written in plain, concise language that, among other things, includes: (1) basic information about the Action and the Settlement; (2) the definition of the proposed class; (3) a description of the claims in the Action; (4) an explanation of how Class Members can obtain benefits under the Settlement; (5) an explanation of how Class Members can exercise their right to request exclusion from or object to the Settlement; (6) information regarding the

scope of the Released Claims and the binding effect of the Settlement; (7) the date and time of the Final Approval Hearing; and (8) contact information to obtain additional information. (*See* Matern Decl., Ex. A at Ex. 1, Dkt. 67-2.) Because the Notice provides Class Members with sufficient information to make an informed and intelligent decision about the Settlement, it satisfies the content requirements of Rule 23(e) and satisfies all due process requirements. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2011 WL 3352460, at *4 (N.D. Cal. Aug. 2, 2011); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (where class notice communicated the essentials of the proposed settlement in a sufficiently balanced, accurate, and informative way, it satisfied due process concerns).

Additionally, prior to mailing the Notice to each Class Member, the Settlement Administrator shall perform a search of the Class Members' addresses using the United States Postal Service's National Change of Address Database in order to update and correct any known or identifiable address changes. (Matern Decl., Ex. A at ¶ II.E.1, Dkt. 67-2.) Direct mail notice to Class Members' last known addresses is the best notice possible under the circumstances. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319(1950); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-76 (1974).

A.   **The Court Should Provisionally Certify the Class for Settlement Purposes Only**

A party seeking to certify a class must demonstrate that she has met the "four threshold requirements of Federal Rule of Procedure 23(a): (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation." *Levya v. Medline Indus, Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Once these prerequisites are satisfied, a court must consider whether the proposed class can be maintained under at least one of the requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2548 (2011). Plaintiff, here, seeks certification pursuant to Rule 23(b)(3), which requires that "questions of law or fact common to class members

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-20-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the Parties agree that, for settlement purposes, and given that the elements of liability need not be proven, the proposed Settlement Class satisfies each of these requirements.[9]

### 1.    The Proposed Class Is Sufficiently Numerous

The numerosity requirement is satisfied when "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to any fixed numerical threshold, but courts generally find the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 650-51 (9th Cir. 2010). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement. *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992). Here, the proposed class consists of approximately 7,116 persons. (Matern Decl., ¶ 5, Dkt. 67-1.) Thus, the class is sufficiently numerous so as to make joinder impracticable.

### 2.    Common Questions of Law and Fact Predominate

For settlement purposes, the commonality requirement is met. In this regard, a plaintiff is *not* required to show that there is commonality on *every* factual and legal issue; instead, "for purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores,* 131 S. Ct. at 2556 (int. quot. omitted). Further, Courts have found that "[t]he existence of shared legal issues with divergent factual predicates is sufficient, to satisfy commonality under Rule 23 as is a common core of salient facts coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics Mgmt. Corp.,* 2008 WL 4156364, *5 (N.D. Cal. Sept. 5, 2008). Individualized or deviating facts will not preclude class treatment if most class

---

[9] Defendant contests liability, as well as the propriety of certification, and is prepared to vigorously oppose certification and to defend against Plaintiff's claims if the settlement is not approved.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-21-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

members were subjected to a policy in a way that gives rise to consistent liability or lack thereof. *See Arrendondo v. Delano Farms Co.*, 2011 WL 1486612, at *15 (E.D. Cal. Apr. 19, 2011).

Importantly, "whether a proposed class is sufficiently cohesive to satisfy Rule 23(b)(3) is informed by whether certification is for litigation or settlement. A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *In re Hyundai*, 2019 WL 2376831, at *7 (9th Cir. June 6, 2019); *see also Amchem Prods.,* 521 U.S. 591, 618-20 (1997). Thus, where the matter is being settled, a showing of manageability at trial is unnecessary. *Id*.

Under this relaxed standard for settlement purposes, the predominance requirement is satisfied. Plaintiff contends that her and the Class Members' claims arise from common, uniform practices which she contends involve common questions of law and fact, including but not limited to: (1) whether Defendant failed to relieve employees of all duty and employer control during their meal and rest breaks as a result of Defendant's policies; (2) whether employees performed work off the clock as a result of Defendant's policies and practices, resulting in unpaid minimum and overtime wages; (3) whether Defendant required employees to purchase uniform items and a work schedule phone application, but failed to reimburse employees for these expenses; and (4) as a result, whether Defendant willfully failed to pay all wages owed to employees at the time of separation, failed to provide accurate wage statements and maintain required records, and committed unfair and unlawful business practices in violation of Business & Professions Code § 17200. As Plaintiff contends Defendant's policies and practices, and the questions of law and fact they raise, apply uniformly to all Class Members, certification is appropriate for settlement purposes.[10]

---

[10] In its May 18, 2019 order, the Court asked the parties to address whether plaintiff must demonstrate that common questions predominate as to each cause of

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-22-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

### 3.    Plaintiff's Claims Are Typical of Those of The Class

The typicality requirement is satisfied where the named plaintiff is a member of the proposed class and his or her claims are "reasonably coextensive with those of the absent class members," though "they need not be substantially identical." Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Typicality turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon*, 976 F.2d at 508).

Here, Plaintiff contends that she an all non-exempt employees of Defendant were subject to the same allegedly non-compliant policies and practices. For example, Plaintiff alleges Defendant failed to provide her and the Class Members lawful meal and rest breaks and associated premium pay, failed to pay all overtime and minimum wages due, failed to timely pay wages and associated waiting time penalties, and failed to issue accurate wage statements. As a result, Plaintiff contends she and the Class have suffered the same or similar injuries, resulting from the same or similar conduct by Defendant. The proposed class thus meets the typicality requirement for settlement purposes.

### 4.    Plaintiff and Her Counsel Will Adequately Represent the Settlement Class Members

A class representative must be able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(a)(4). As discussed above, there are no

---

action. (Dkt. 66 at p. 1.) The Ninth Circuit recently confirmed in *In re Hyundai* that the relaxed predominance standard is met where a settlement concerns a "cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] alleged conduct. 2019 WL 2376831, at *7. Because this is not a matter wherein "individual stakes are high and disparities among class members great," common questions predominate. *Id.*

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-23-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

1 | conflicts between Plaintiff and her counsel and the Class Members. Plaintiff and her
2 | counsel have shown they will vigorously represent the interests of the Class
3 | Members  and have sufficient resources to enable them to vigorously pursue the
4 | claims on behalf of the class. (Matern Decl., ¶ 42, Dkt. 67-1.)

### 5.    A Class Action Is a Superior Method of Adjudication

Rule 23(b)(3)'s superiority requirement is satisfied where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency," or where "no reasonable alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). In the context of a class action settlement, "manageability is not a concern [because …] by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 2019 WL 2376831, at *5 .

In its May 18, 2019 order, the Court asked how the notion that when a class action is certified for settlement purposes only, the court need not inquire into manageability problems, is to be harmonized with the instruction that "[w]hen a district court… certifies for class action settlement only, the moment of certification requires heightened attention." (Dkt. 66 at p. 1, quoting *Ortiz v. Fibreboard Corp*., 527 U.S. 815, 848-49 (1999); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,* 895 F.3d 597, 609 (9th Cir. 2018).) The "heightened attention" standard applied in *Ortiz* and *In re Volkswagen* originated in *Amchem*. The *Amchem* court explained:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context.

*Amchem*, 521 U.S. at 620. Both *Ortiz* and *In re Volkswagen* cite to, and are wholly consistent with, *Amchem. See Ortiz*, 527 U.S. at 848-49 (requiring "rigorous adherence to those provisions of [Rule 23] 'designed to protect absentees'"); *In re Volkswagen*, 895 F.3d at 609 (applying "heightened attention" to adequacy of

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-24-

AMENDED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

representation requirement). Nothing in *Ortiz*, *In re Volkswagen*, or any other case abrogates the Supreme Court's clear directive in *Amchem*. Indeed, the Ninth Circuit recently confirmed in *In re Hyundai* that in the settlement context, the court need not determine whether the case would present manageability problems because there will be no trial. 2019 WL 2376831, at *5.

Here, the class consists of approximately 7,116 persons, making individual cases impracticable. Furthermore, given the relatively small amounts at issue, it is unlikely that any Class Member acting alone would have pursued these claims against Defendant. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 515 (9th Cir. 2013) ("In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims"). Plaintiff also contends that Defendant's policies had a similar impact on all non-exempt employees such that class-based resolution is efficient and appropriate. For settlement purposes, the Parties agree that class treatment will preserve judicial resources, save time, and limit duplication of evidence and effort and is thus superior to other available methods of resolution.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court: (1) grant preliminary approval of the Settlement; (2) approve the content and plan for distribution of the Notice; (3) certify the proposed class for settlement purposes only; (4) appoint Plaintiff as class representative; (5) appoint Matthew J. Matern, Launa Adolph and Kayvon Sabourian of Matern Law Group, PC, as Class Counsel; and (6) schedule a Final Approval Hearing.

DATED: June 20, 2019                    MATERN LAW GROUP, PC


By: _____
     MATTHEW J. MATERN
     Attorneys for Plaintiff

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

-25-                    AMENDED MOT. FOR PRELIMINARY
                        APPROVAL OF CLASS ACTION SETTLEMENT